68 U.S. 109
 17 L.Ed. 551
 1 Wall. 109
 THE STATE OF MINNESOTA
v.
BACHELDER.
 December Term, 1863
 
 THIS was a writ of error to the supreme Court of the State of Minnesota, and was taken under the 25th section of the Judiciary Act of 1789, which gives a writ of error here in any case where is drawn in question any clause of the Constitution, or of a treaty, or statute, or commission, held under the United States, and the decision is against the right, title, privilege or exemption specially set up or claimed by either party under such clause of the Constitution, treaty, statute or commission.
 The case was thus: By the act of March 3d, 1849, the organic law of the Territory of Minnesota, was enacted 'that when the lands in said Territory shall be surveyed, sections 16 and 36 shall be and the same hereby are reserved for the purpose of being applied to schools.' A subsequent act, that of February 26th, 1857, providing for the admission of this Territory into the Union, repeats this enactment, declaring that these same numbered sections of the public lands (and in case either of said sections or any part of them has been sold or otherwise disposed of, other lands equivalent thereto and as contiguous as may be), shall be granted to said State for the use of schools.
 Notwithstanding this intended devotion to purposes of education of these sections Nos. 16 and 36, Congress, by an act of 1854,[1] declared that the provisions of what is known as the Pre-emption Act[2] of 1841, should extend to lands in Minnesota. The result was that great numbers of persons settled all over the State, and not unfrequently settled, in different townships, upon tracts which, when the tracts came to be surveyed, proved to bear the numbers 16 and 36. In consequence of this state of things, the Territorial legislature of Minnesota presented[3] a memorial to Congress for a remedy. The memorial stated, that by reason of the extension of the Pre-emption Act to Minnesota, many settlers had settled and made improvements by the erection of costly buildings and otherwise upon farms, which, when the government surveys were made, were found to be included within the school sections, and that it would be unjust to compel these persons to repurchase or lose their improvements thus made in good faith and with the expectation of a pre-emption of the lot, and recommended the passage of a law which should meet the hardship of such cases. Accordingly, on the 3d of March, 1857, that is to say, after the above-mentioned act, providing for the admission of the Territory into the Union, but before the acceptance of that act by the Convention of the State, and so before the actual incorporation of the State into the Union, Congress passed a joint resolution, which provided, that where any settlements by the erection of a dwelling-house, or the cultivation of any portion of the land, shall have been or shall be made upon these 16th or 36th sections, before the said sections shall have been or shall be surveyed, &c.; and if such settlers can bring themselves within the Pre-emption Act, then the right of preference to such sections or portions of them so settled and occupied shall be in them, the same as if such sections had not been previously reserved.
 The present suit arose accordingly out of this condition of the law, and was an ejectment for a tract numbered 16, by the State of Minnesota, in behalf of its schools, against one Bachelder, the defendant, who claimed under the rights given by the joint resolution just above set forth. Bachelder set up as his defence pre-emption certificates and a patent, dated August 15th, 1857, to two persons of the name of Mills,—L. and J. Mills,—from whom he showed title to himself.
 To this the plaintiff replied, that these had all been obtained by fraud and misrepresentations; that the Millses did not settle on the premises, did not build a house there, nor make any improvements prior to the government survey of the sections; that in granting the papers which he had granted, the register and receiver had been deceived as well by misrepresentations of the Millses as by the false oath of one George Dazner, whom they produced to swear to facts which did not exist, but whose existence was necessary to bring the parties within the Pre-emption Act. But the court, neither on a demurrer by the State of Minnesota to a replication by Bachelder, nor on its offers to prove these facts before a jury, considered them as making a reply to the case of the defendants, as exhibited by his certificates and patents; ruling in effect that the decision of the register and receiver could not be reviewed nor inquired into by the court, and that the remedy of the State was through the commissioner of said office or the Secretary of the Interior.
 The statutes of the United States devoting the sections to school purposes were put technically in the pleadings; their binding force relied on by counsel and pressed upon the court, and rulings under them asked for and refused, and the refusal excepted to; but although, by being set out in the pleadings and exceptions, and by rulings against them, they were technically drawn in question and decided against, yet the actual ground of the decision was as just stated rather than specially against the statutes.
 The correctness of the view taken by the court below, as to the effect of the register and receiver's acts, as also the right of the State to have a writ of error from this court to the Supreme Court of Minnesota, when the statutes of the United States had not been otherwise drawn in question than as mentioned, were now the questions here; the former question being made by the plaintiff in error, the State of Minnesota, and the latter by the other side.
 Mr. Cole, A. G., of Minnesota, for the plaintiff: The joint resolution of Congress is void. It cannot divest a title which the United States had previously granted. The organic act of the Territory constituted a dedication to public uses, perpetual and irrevocable, and whatever might have been its effect upon the naked fee, at least divested Congress of all power of disposition over the subject-matter, so far as such disposition should tend to impair the public rights created by that act. The doctrine of dedications was first announced in Strange's Reports, A.D. 1725, and applied to highways. Since then it has been vastly extended. The donations of magnificent domains, by Congress, for the promotion of learning and the liberal arts in the rising communities of the West, afford instances not the least striking and interesting of such extension, and have induced more liberal views. Thus the doctrine has in New York been applied to a public square.[4] So it has also in Vermont.[5] In the former State it has been extended to a gift for religious purposes;[6] while in Pennsylvania it reaches any property devoted to purposes of general education.[7]
 If dedicated, the power of Congress over it was gone. In Wilcox v. Jackson (13 Peters, 498), the court say: 'Whenever a tract of land shall have been once legally appropriated to any purpose, from that moment the land thus appropriated becomes reserved from the mass of the public lands, and no subsequent law or proclamation, or sale, would be construed to embrace it or to operate upon it, although no reservation were made of it.' And in the same case the court signify that 'the same principle will apply to any land which by authority of law shall have been severed from the public mass.'
 Neither is the case helped by the memorial from the Territorial legislature. The organic act (§ 18), indicates an intention to consecrate these lands for the benefit of the generations who should in future inhabit the State; and while divesting Congress of all power of disposition over them, to withhold it from any other body then in existence. They are reserved 'for the purpose of being applied to schools in said Territory, and in the States and Territories hereafter to be erected out of the same.' They were not granted to the Territory, and were in no sense its property.
 For the defendant: The error of the argument is in assuming this to be a 'dedication' in the legal meaning of the word. In Post v. Piersoll,[8] long since the time of Strange, the Supreme Court of New York decided that a dedication must be confined to a highway. It may have been much extended since, but this is not within the legal meaning of the word.
 No writ of error lies here from the Supreme Court of Minnesota; for no statute of the United States has been drawn in question and decided against. The court ruled that it could not go behind the acts of the register and receiver, and so disposed of the case. The fact that the statutes of the United States were presented in the pleadings and were disposed of adversely by a judgment which was based on other grounds, the argument from the statutes falling, in fact, only with the case generally, is not enough.
 Reply: Crowell v. Randall (10 Peters, 368), decides, 'that it is not necessary that the question should appear on the record to have been raised, and the decision made in direct and positive terms, but that it is sufficient if it appear by clear and necessary intendment that the question must have been raised and must have been decided in order to have induced the judgment.' Neither is it necessary that the treaty or act of Congress under which the party claims shall be specially pleaded or spread upon the record. Hickey v. Starke (1 Peters, 94).
 The converse of the rule holds also true. Here the statutes were drawn in question, by being on the record and issue so taken to them, or by being made the subject of a request for rulings not given; a fact apparent in the bill of exceptions. When judgment was given against the State, or the rulings refused, they were decided 'against,' in the most exact and authoritative form of legal understanding.
 Mr. Justice NELSON delivered the opinion of the court:
 
 
 1
 It is not important to inquire as to the power of Congress to pass this law independently of any application from the Territorial legislature, as the assent of the people through their convention, by coming into the Union as a State, upon the terms proposed, must be regarded as binding the State. The right of the State to the school sections within it must, therefore, be subject to the modification contained in the joint resolution, and that modification is, that in case a person shall have made a settlement upon any school section, by the erection of a dwelling-house on the same, or the cultivation of any portion of it before the survey; and further, can bring himself within the provisions of the Pre-emption Act of 1841, he shall be entitled to the section thus improved, in preference to any title of the State.
 
 
 2
 This was the state of the law in respect to these school sections in Minnesota, at the time of the application of L. and J. Mills to the register and receiver for the pre-emption of the premises in question, and of the issuing of the patent certificates by them, August 15th, 1857.
 
 
 3
 As we have seen, the defendant, who claims under L. and J. N. Mills, relies on these patent certificates and the patents issued in pursuance thereof.
 
 
 4
 To these the plaintiff replies that they were obtained by fraud and misrepresentation; that L. and J. Mills did not settle on the premises, nor erect a dwelling-house thereon, nor make any improvements on the same, previous to the survey of the sections by the government; and besides their false representations to the register and receiver, they procured one George Dazner to make a false affidavit as evidence of the settlements, erection of the dwelling-houses and improvements before these officers. The court below refused to give any effect to these facts as set forth in the pleadings, or as offered to be proved on the issues of fact before the jury, and the ground taken to uphold these rulings is, that the decision of the register and receiver and certificates issued were conclusive upon the court, and not revisable or to be inquired into; and that the remedy of the party aggrieved was by an application to the Commissioner of the Land Office or Secretary of the Interior.
 
 
 5
 These questions have been so often before this court, and were so fully considered in the last case (Lindsey et al. v. Hawes et al.),[9] where the authorities are collected, that it would be a waste of time to re-examine them.
 
 
 6
 A court of equity will look into the proceedings before the register and receiver, and even into those of the land office or other offices, where the right of property of the party is involved, and correct errors of law or of fact to his prejudice. The proceedings are ex parte and summary before these officers, and no notice is contemplated or provided for by the pre-emption laws as to parties holding adverse interests, nor do they contemplate a litigation of the right between the applicant for a pre-emption claim with a third party. The question as contemplated is between the settler and the government, and if a compliance with the conditions is shown to the satisfaction of the officers, the patent certificate is granted.
 
 
 7
 The court below, therefore, erred in their rulings on the demurrer, and also on the trial of the issues in fact.
 
 
 8
 A point is made under the 25th section of the Judiciary Act, that this court has no jurisdiction to reverse the judgment of the court below. But the right of the State to these school sections rests upon acts of Congress, which were set up and relied on in this case, and the decision of the court below against it.
 
 
 9
 The judgment of the court below is reversed, with costs, and the cause remanded, with directions to enter judgment overruling the demurrer to plaintiff's replications, and to issue venire de novo, &c.
 
 
 10
 JUDGMENT ACCORDINGLY.
 
 
 
 [1]
 August 4th.
 
 
 [2]
 Act of Sept. 4th, 1841.
 
 
 [3]
 Feb. 26th, 1856.
 
 
 [4]
 Trustees of Watertown v. Cowen, 4 Paige, 510.
 
 
 [5]
 State v. Wilkinson, 2 Vermont, 480.
 
 
 [6]
 Hartford Baptist Church v. Witherell, 3 Paige, 296.
 
 
 [7]
 Witman v. Lex, 17 Sergeant & Rawle, 88, 91.
 
 
 [8]
 20 Wendell, 119.
 
 
 [9]
 2 Black, 254, 557, 558. See also O'Brien v. Perry, 1 Id., 139.