[No. 353.    Decided March 2, 1892.]

ARTHUR H. MEADE, *Appellant*, v. CHAS. H. FRENCH, *Respondent.*

COSTS—ASSAULT AND BATTERY—REPEAL BY IMPLICATION—SPECIAL
STATUTES.

Code 1881, § 508, being a special enactment relating to costs in particular cases, is not repealed by implication by the act of March 27, 1890 (Laws 1889–90, p. 337), which is a general enactment providing for the recovery of costs in the superior court and repealing all conflicting acts.

Code 1881, § 508, providing that if in an action for assault and battery the plaintiff recovers less than ten dollars he shall be entitled to no more costs than the damage recovered, cannot be construed as giving additional costs to the defendant in case of a recovery by the plaintiff of less than ten dollars damage.

*Appeal from Superior Court, King County.*

The facts are stated in the opinion.

*I. B. Knickerbocker* and *Thompson, Edsen & Humphries,* for appellant.

*Thomas Burke (Burke, Shepard & Woods,* of counsel), for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an action for damages for assault and battery. Plaintiff demanded judgment for five thousand dollars, and obtained a verdict for one dollar. The court entered judgment for defendant for his costs expended, less the sum of one dollar adjudged as damages to plaintiff, and one dollar costs, being a judgment in favor of defendant for costs for $231.50. From this judgment the plaintiff appealed. Sec. 508 of the Code of 1881 is as follows:

"SEC. 508. In an action for an assault and battery, or for false imprisonment, libel, slander, malicious prosecution, criminal conversation or seduction, if the plaintiff recover less than ten dollars, he shall be entitled to no more costs or disbursements than the damage recovered."

It is claimed, however, by the appellant, that this section has been repealed by the act of March 27, 1890, Laws 1889–90, p. 337, which is as follows:

"SECTION 1. In any action in the superior court of Washington, the prevailing party shall be entitled to his costs and disbursements; but the plaintiff shall in no case be entitled to costs taxed as attorneys' fees in actions within the jurisdiction of a justice of the peace when commenced in the superior court.

"SEC. 2. All acts conflicting in any manner with this act are hereby repealed."

And that, by force of the provisions of this statute, plaintiff can recover his costs if he obtain judgment at all,

without reference to the amount; and that, even conceding § 508 of the code to be in force, the court erred in entering judgment for costs in favor of the defendant, as the defendant was not the prevailing party. We cannot agree with this contention of the appellant. Of course, if two statutes are found to be repugnant, the undisputed rule is that the latter act repeals the former one; and, it all being a matter of the intention of the legislature, courts will not conclude that the legislature intended to keep contradictory enactments on the statute books; and that if they had considered them contradictory they would specially have repealed them. Hence the rule obtains that repeals by implication are not favored, and courts will seek to harmonize the laws and preserve them, rather than declare them abrogated or repealed; and if by any reasonable construction they can stand together, they will both be enforced; and in construing statutes for the purpose of ascertaining whether repugnancy really exists, as well as to gather the intention of the legislature in any particular, the whole statute on the subject must be construed together.

Blackstone lays down the rule that one part of a statute must be so construed by another that the whole may, if possible, stand; and such is the rule to-day. Construing, then, the statutes on the subject of actions together, we think it is more reasonable to presume that the object of the enactment of March 27, 1890, was to settle the law that no costs as attorneys' fees should be taxed in actions within the jurisdiction of the justices of the peace when commenced in the superior court, rather than that the special provisions of § 508 should be repealed. And we are inclined to adopt the analysis of the counsel for respondent on this point, which is as follows:

"Section 507 of the Code of 1881 says: 'The plaintiff shall not be entitled to costs in actions within the jurisdiction of a justice of the peace which shall be commenced

in the district court. The amount claimed shall be the test of jurisdiction.' Justice courts at this time had jurisdiction of cases in which the amount in controversy did not exceed one hundred dollars, and this section was obviously passed to force parties to bring small actions in the justice court, visiting upon the plaintiff the penalty of paying his own costs for bringing such actions in the district court of the Territory. In 1883 the jurisdiction of justices of the peace was increased to cases involving $300 (Laws 1883, p. 44), and this necessitated an amendment to § 507, in order that its effect should remain the same. It was accordingly amended (Laws of 1883, p. 42) so as to read: 'The plaintiff shall not be entitled to costs in actions within the jurisdiction of a justice of the peace which shall be commenced in the district court, when the amount claimed shall be less than one hundred dollars.' This left a party free to bring an action involving more than one hundred dollars in either the district or the justice's court, and to recover his costs if successful.

"By § 6, art. 2, of the constitution, passed in 1889, the superior courts were explicitly given jurisdiction of all cases involving one hundred dollars or more; and this no doubt led to the passage of the act of March 27, 1890, as a further amendment of § 507, thereby giving costs to the prevailing party in cases commenced in the superior courts, whether such cases might have been commenced in the justices' courts or not, with the exception only that attorneys' fees should not be taxed as costs in small actions within the jurisdiction of the justice court. It follows that this act of 1890 repeals § 507, if any, and not the general and long established statute of § 508."

With this view of the case, § 508 of the code is in perfect harmony with the law of 1890. There is, however, another fundamental rule of construction, which is embodied in the maxim, *generalia specialibus non derogant*, the application of which, it seems, can be consistently held to apply to this case. Sec. 508 is not a general law in relation to costs, but it is a special enactment relating to costs in particular cases. Those cases are presumed to

have been prominently in the minds of the legislature at the time of the passage of the law, and not in their minds when the general law was passed.

Endlich on the Interpretation of Statutes, § 223, says:

" It is but a particular application of the general presumption against an intention to alter the law beyond the immediate scope of the statute, to say that a general act is to be construed as not repealing a particular one. . . . It is usually presumed to have only general cases in view, and not particular cases which have been already otherwise provided for by the special act, or what is the same thing, by a local custom.   Having already given its attention to the particular subject, and provided for it, the legislature is reasonably presumed not to intend to alter that special provision by a subsequent general enactment, unless that intention is manifested in explicit language, or there be something which shows that the attention of the legislature had been turned to the special act, and that the general one was intended to embrace the special cases within the previous one; or something in the nature of the general one making it unlikely that an exception was intended as regards the special act.   The general statute is read as silently excluding from its operation the cases which have been provided for by the special one. . . . The fact that the general act contains a clause repealing acts inconsistent with it does not diminish the force of this rule of construction."

See also the many cases cited on pages 298, 299 and 300 sustaining the text.   This doctrine, we think, has a special application to the case at bar.   The provisions of § 508 are not peculiar to our statute, but are found in the statutes of many of the states.   Section 508 was evidently enacted as a matter of public policy, to repress petty litigation and to deter parties whose injuries are only nominal from consuming the time of the courts in investigating trifling grievances, as well as to protect defendants from the burden of heavy costs in cases where they have been only guilty of a technical violation of the law, and where

the motive which prompts the suit is a malicious one. And having legislated especially with regard to this class of cases, the legislature will not be presumed by a general enactment to have intended to repeal this law without such intention is plainly expressed.   But we cannot agree with the further contention of the respondent, that the defendant in such a case is entitled to his costs against the plaintiff.   Costs are purely statutory, and can only be awarded where the statute gives them.   Were it not for § 508, the plaintiff in this case would manifestly be entitled to his costs, and that section cannot be construed to mean more than it says.   It does not, either by direct terms or by implication, give any additional costs to the defendant.   It simply limits the recovery of the plaintiff. In this case the only effect of the section is to limit the recovery of costs on the part of the plaintiff to one dollar, the amount of the judgment.

The case of *Britton v. Wright*, 1 G. Greene, 426, seems to sustain respondent's contention, but we are unable to agree with the reasoning or conclusion of the court in that case, and have not been able to find any other authority sustaining that view.   *Sinclair v. Roush*, 14 Ind. 450, and *Noah v. Angle*, 63 Ind. 425, were exactly to the contrary, and we think were sustained by better reasoning.

The judgment must be reversed, and the cause remanded with instructions to enter judgment for the plaintiff for one dollar and for one dollar costs; outside of this each party must pay his own costs.

ANDERS, C. J., and STILES, HOYT and SCOTT, JJ., concur.