[No. 983. Decided October 31, 1893.]

ELIZABETH ROMINE, *Respondent*, v. THE STATE OF WASHINGTON *et al.*, *Appellants*.

STATES — ENABLING ACT FOR ADMISSION — MODIFICATION BY STATE CONSTITUTION — SALE OF SCHOOL LANDS — COSTS.

Although the act of congress of February 22, 1889, enabling the Territory of Washington to form a state and be admitted to the union, may have granted to the state certain lands for the support of public schools upon the condition subsequent that such lands should be sold only at public auction and for not less than ten dollars per acre, yet, where the constitution as adopted by the people and accepted by the federal government provides for the confirmation of sales of such lands theretofore made under the authority of territorial laws, the provisions of the enabling act must be construed as modified thereby.

The costs in an action against the state to confirm the sale of school lands made under the laws of the Territory of Washington should be assessed against the plaintiff, although judgment may be in his favor; but the state is liable for costs upon an unsuccessful appeal from such judgment.

*Appeal from Superior Court, Walla Walla County.*

*W. C. Jones,* Attorney General, *James A. Haight,* and *P. B. Johnson,* for The State.

*Brents & Clark,* for respondent.

The opinion of the court was delivered by

STILES, J.—The respondent brought her action under the act of March 28, 1890 (Laws, p. 448), entitled "An act for the relief of *bona fide* purchasers of school or university lands," etc., to compel a conveyance of certain lands in section 16, township 10 north, range 35 east, Willamette meridian, in Walla Walla county, alleging that they had been sold and conveyed to her grantor by the county commissioners in 1865, in pursuance of the act passed by the territorial legislature January 23, 1863 (Laws, p. 473), authorizing the sale of school lands reserved by the act of congress organizing the Territory of Washington (10 U. S. St. at Large, p. 179).

A general demurrer to the complaint was overruled, and a decree was entered upon defendant's refusal to plead further. The complaint alleges all the facts required to be shown by the act of 1890, excepting that it is not alleged that "for any reason such grantee has not been vested with a title thereto." But this omission is, in the view of the pleader, compensated by an allegation that the state and the commissioner are asserting that the title did not vest in respondent's grantor by the conveyance of the commissioners, but that it is now vested in and held by the state, and that the lands are subject to sale as state school lands.

Argument was made and cases cited to sustain the proposition that the reservation of lands in the several territories by congress, to be applied to the support of common schools in the territories, and the states to be created therefrom, constituted, in each case, a present irrevocable grant to the territories, under which the territorial legislatures could dispose of the title to those lands. But we do not deem it to be material to this case to pass upon that question. Were we to find in the affirmative upon it, the respondent, who advances it for consideration, might find herself without a cause of action, since the statute expressly limits the right to sue the state to those transactions of the county commissioners or university commissioners where "for any reason such (their) grantee has not been vested with a title." It would seem to be obvious that if the territory had received a grant of lands from congress, a conveyance under its authority would have vested the title, which is not a case provided for in this law.

However the law may be as to the territory's rights and powers, it must be conceded that in so far as the state now claims any title to the school lands under the act of February 22, 1889, commonly called the "enabling act," she is estopped to deny that that act has controlling force in her disposition of those lands, except as that act may have been modified. *Minnesota v. Batchelder*, 1 Wall. 109.

This brings us to the main point in the case.

The appellants urge that it would be a violation of that provision of the federal constitution which prohibits states from passing laws impairing the obligation of contracts, were we to uphold the proviso to art. 16, § 2 of the state constitution, and the act of 1890, because we should thereby countenance a violation of the enabling act, which provided that school lands in this state should be sold only at public auction and for not less than ten dollars per acre. Act of congress, February 22, 1889, § 11.

The act of congress which enables a territory to come into the union as a state usually contains many provisions which, upon the admission of the state, become inviolable either by the state or by the United States. But an enabling act is, at most, a proposition, and has no binding force upon the people of a territory until they have adopted a constitution and the state has been admitted into the union. Then, if by their constitution they have expressed no dissent from any proposition contained in the enabling act, doubtless they must be held bound by its conditions. But can they in no way claim to have an expressed dissent respected? Treating the enabling act as a proposition for a contract, as appellants maintain it should be treated, can the other side present no proposals for a modification? It would be an unusual thing in the law of contracts if they could not; and it would also be unusual to find that where both parties had acted upon the modified instrument, it should turn out that the first proposal was, after all, the only contract. And that seems to us to be this case. Congress proposed to grant to the state certain lands to constitute a fund for the support of public schools, and it saw fit to attach to the grant a condition subsequent governing the manner of sale and the price at which those lands should be sold. The people of the state, on the other hand, while gratefully accepting the bounty of government, were mindful that certain persons had at least a strong moral equity in a portion of the lands proposed to be granted, and expressed in clear and unmistakable language their intention to respect that equity. This made a counter proposition, which went before the president, and was passed by him without challenge; and it went again before congress upon the admission of our senators and representatives, and so far from being challenged, and the admission of the state denied, everything has been done to put Washington upon the same footing as the other

states. It seems to us that, by the analogy of the contract, the modified proposition would, in any court, be taken to be the existing contract between the parties.

But there is also a question of propriety involved. The courts of the states are as much bound to uphold the supremacy of the constitution of the United States, as are the federal courts, or as they are to sustain the constitutions and laws of their several states. This obligation may perhaps even extend to declaring unconstitutional a provision in the state constitution under which the court exercised jurisdiction. But the conflict between the state and the federal constitution must certainly be a very clear one to call for so solemn a decision, and whatever may be said of the case at bar, we do not find in it any such obvious ground for holding that there is a conflict between the federal constitution and the constitution of this state as would justify us in holding the provision for confirming these sales of school lands to be void.

The statute does not authorize the assessment of costs against the state, and none should have been allowed. The state has never been in fault in these matters, but it has graciously allowed a suit to be brought that the landholder might secure further assurance of his title. It is all to his advantage, and he ought to pay the expense of the proceeding. But it was different when the state appealed, and thereby put itself in the wrong.

The commissioner is the mere ministerial officer of the state to execute its deed, and was not a necessary party to the action.

The decree is affirmed with the exception of the costs allowed. Respondent will recover costs of the appeal only against the state.

DUNBAR, C. J., and SCOTT, ANDERS and HOYT, JJ., concur.