[No. 19652.   Department One.   March 25, 1926.]

ALBERTA LUMBER COMPANY, LIMITED, *Respondent*, v.
PIONEER LUMBER COMPANY, *Appellant*.[1]

[1] COURTS (69)—COMITY BETWEEN COURTS. The courts of this state
will, on the principle of comity, give effect to the judgment of
a foreign court of general jurisdiction if it had jurisdiction of
the subject matter and the parties and did not exceed its juris-
diction in rendering the judgment.

[2] APPEAL (229-1)—JURISDICTION ACQUIRED—EFFECT OF TAKING AP-
PEAL FROM PART OF JUDGMENT—ANCILLARY COSTS. On appeal
from so much of a judgment as rendered a money recovery
against appellant, the appellate court of British Columbia has
jurisdiction to reverse, also, a judgment for costs in favor of
the appellant and to order a retaxation thereof; in view of
Marginal Rule 868 of the court, providing that costs on appeal
shall follow the event unless otherwise ordered, making costs
ancillary and incident to the judgment to which they attach.

Appeal from a judgment of the superior court for
King county, C. R. Hovey, judge *pro tempore,* entered
March 19, 1925, in favor of the plaintiff, in an action
to recover upon a judgment for costs.   Affirmed.

*Roberts & Skeel,* for appellant.

*Preston, Thorgrimson & Turner,* for respondent.

FULLERTON, J.—The appellant in the action now be-
fore us, Pioneer Lumber Company, is a corporation
organized under the laws of the state of Washington.
The respondent, Alberta Lumber Company, Limited,
is a corporation organized under the laws of the
Province of British Columbia.   In the year 1922, the
Pioneer Lumber Company, as plaintiff, brought an ac-
tion against the Alberta Lumber Company, as defend-
ant, in the supreme court of British Columbia, to re-
cover in damages on a breach of contract for the sale

¹Reported in 244 Pac. 250.

of goods. The "Statement of Claim" on which the action was founded does not appear in the present record, but it is gathered from what does appear that the statement contained several distinct counts. The cause was brought on for trial in the court named on May 16, 1922, and a judgment was entered therein for the Pioneer Lumber Company on December 27, 1922. The judgment, omitting the formal parts, was as follows:

"This court doth order and adjudge that the plaintiff do recover from the defendant the sum of $1,045.99 in respect of its claim for damages arising out of goods shipped by defendants in Car C. P. 106410, with the general costs of the action to be taxed.

"And this court doth further order and adjudge that the plaintiff recover nothing from the defendant under paragraphs 8, 9 and 11 of the Statement of Claim, and that there be no costs to either party on such issues, subsequent to the payment out which has already been ordered.

"And this court doth further order that the plaintiff's claims made under paragraphs 8 and 10 of the Statement of Claim be each dismissed.

"And this court doth further order that the defendants do recover from the plaintiff its costs of the issues raised by paragraphs 8 and 10 of the Statement of Claim, and that the taxing officer do set off the costs payable by one party to the other."

The taxing officer of the court thereafter taxed the costs pursuant to the direction contained in the judgment. He found that the Pioneer Lumber Company, on the count in the statement on which it prevailed, was entitled to costs in the sum of $1,289.95, and that the Alberta Lumber Company was entitled to costs on the other counts in the sum of $301.05. Off-setting the one against the other, he found that the Pioneer Lumber Company was entitled to a net cost of $988.90.

On January 19, 1923, the Alberta Lumber Company appealed from a part of the judgment to the Court of Appeal of British Columbia; the notice of appeal given, in so far as it is material here, being as follows:

"Take notice that the above named defendants hereby appeal to the Court of Appeal from so much of the judgment of the Supreme Court of British Columbia delivered herein by the Honorable Mr. Justice Morrison on the 22nd day of December, A. D. 1922, as awarded to the plaintiff the sum of $1,045.99."

On July 6, 1923, the several justices of the court of appeal delivered opinions in the cause (See *Pioneer Lum. Co. v. Alberta Lum. Co.*, 32 B. C. R. 442) directing by a majority of the justices that the appeal be allowed. The formal judgment of the court was entered on August 14, 1923, in the following form:

"5/23
Vancouver Aug. 14, 1923.
Registry

COURT OF APPEAL

BETWEEN

PIONEER LUMBER COMPANY
Plaintiff
and    (Respondent)
ALBERTA LUMBER COMPANY, LIMITED
Defendant
(Appellant)

BEFORE:

The Honourable the Chief Justice,
The Honourable Mr. Justice Martin,
The Honourable Mr. Justice Galliher,
The Honourable Mr. Justice McPhillips,
The Honourable Mr. Justice Eberts.

Victoria, B. C., Friday, the
6th day of July, A. D. 1923.

"This appeal coming on for hearing on the 12th, 13th and 16th days of April, A. D. 1923, before the Honourable Court at the City of Vancouver in the presence of Mr. A. H. MacNeill, K. C., and Mr. John

Robertson of counsel for the appellant, and Mr. E. C. Mayers and Mr. J. S'. Jamieson of counsel for the respondent; and upon hearing read the appeal book herein, this court was pleased to direct that this appeal should stand over for judgment, and the same coming on for judgment this date at Victoria, B. C.

''This court doth order and adjudge that this appeal be allowed, and that the plaintiff (respondent) do pay to the defendant (appellant) its costs of this appeal to be taxed.

''And this court doth further order and adjudge that that portion of the judgment herein of the Supreme Court of British Columbia dated the 27th day of December, A. D. 1922, wherein it was directed that the plaintiff do recover from the defendant. the sum of $1,045.99 in respect of its claim for damages arising out of goods shipped by the defendants in car C. P. 106410 with the general costs of the action to be taxed 'be and the same is hereby set aside;

''And this court doth further order and adjudge that the plaintiff (respondent) do pay to the defendant (appellant) its costs of the action of the Supreme Court of British Columbia herein numbered P. 365/1921, to be taxed.'

<pre>
                           By the Court:
Approved                     'H. Brown'
  J. J.                     Deputy Registrar
'A. H. MacNeill'           Court of Appeal
  J. A. M.                  British Columbia
          C. J. A.               (Seal)
                                 Entered
                              Aug. 14, 1923
(Seal)            J. M. R.   Order Book Vol. 6
                                 fol 27
                             Per A. L. R.''
</pre>

The taxing officer of the court of appeal and the taxing officer of the supreme court was one and the same person, and that officer, under the date of August 20, 1923, taxed the costs of the Alberta Lumber Company in the court of appeal in the sum of $1,312.00.

and, under the date of August 30, 1923, retaxed the costs of that company in the supreme court in the sum of $1,425.01. At the time of the commencement of its action in the supreme court, the Pioneer Lumber Company paid into court the sum of $400, as security for the defendant's costs therein. This sum was deducted by the taxing officer from the sum total of the costs allowed, leaving as a net result of the action a judgment against the Pioneer Lumber Company for costs in the sum of $2,337.01. It is stipulated that the courts in which the proceedings were had were courts of record, having jurisdiction over the persons of the litigants, and jurisdiction over the subject-matter of the action. It is stipulated, also, that the courts of this state, in determining the action presently to be considered, may, for the purposes of the action, "take judicial notice of any statutes, rules of court, and decisions of British Columbia, without their being pleaded or introduced in evidence."

The costs taxed in the several proceedings seem large, when compared with the costs allowable in similar proceedings in the courts of the state of Washington, and it would be of passing interest to glance at the separate items which make up the totals. Nothing, however, but the totals appear in the record. But we do not understand that anything was added by way of penalty because the party instituting the action was a corporation foreign to the jurisdiction of the courts, or that the costs were other than the customary and usual costs taxable in like proceedings between citizens of the jurisdiction.

[1] The judgment, from which the appeal before us is prosecuted, is a judgment entered in the superior court of King county, in this state, in favor of the Alberta Lumber Company in an action brought by it

against the Pioneer Lumber Company to recover upon the judgment as finally entered in the supreme court of British Columbia. The question presented by the appeal is a somewhat narrow one. Since it is shown that the courts of British Columbia had jurisdiction of the subject-matter of the action and jurisdiction of the persons of the litigants, the courts of this state will, on the principle of comity, give effect to their judgments, unless it is further shown that the courts exceeded their jurisdiction in rendering the particular judgments they actually rendered. It is the contention of the appellant that this latter matter is so shown. The appeal to the court of appeal, it will be remembered, was from a part only of the judgment of the court of first instance. There was a judgment in that court in favor of the plaintiff in the action for damages in the sum of $1,045.99, and a judgment in its favor for costs in the sum of $988.90. The notice of appeal recited that it was "from so much of the judgment . . . as awarded to the plaintiff the sum of $1,045.99," but made no reference to the judgment for costs. It is argued from this that the notice vested in the court of appeal jurisdiction to affirm or reverse the part of the judgment which awarded damages, but did not vest in it jurisdiction to affirm or reverse, or jurisdiction to otherwise interfere with, the judgment for costs; the conclusions drawn therefrom, stated in the language of counsel, being the following:

"1. The judgment of the supreme court in favor of this appellant for the general costs of the action in that court, not having been appealed from, is still a valid, subsisting claim and judgment in our favor. Likewise, the order of the court requiring a set-off of costs remains in full force and effect.

"2. The judgment of the court of appeal, insofar as it awards to respondent herein its claim for costs

in the supreme court, is therefore void, as being without jurisdiction, since no appeal was ever taken as to that part of the judgment.

"3.    The judgment of the court of appeal, insofar as it awards to respondent herein its claim for costs in the court of appeal without the necessity for any set-off of the costs payable by one party to the other, as ordered by the supreme court and not appealed from, is void, as being without jurisdiction.

"4.    That by reason of the failure to set off the costs payable by each of the parties to the other, as ordered in the judgment of the supreme court and not appealed from, the certificates of the taxing officer, admittedly a mere ministerial officer of the court, set out in the amended complaint, are void, as being without jurisdiction.

"5.    That therefore, in view of such lack of jurisdiction, no action on said court of appeal cost judgment or said certificates of costs of the taxing officer can be maintained in the courts of this state."

The citations from the printed report of the decisions of the court of appeal of British Columbia indicate that the court holds, following the general rule in this respect, that a due and formal notice of appeal, timely served and filed, is essential to confer jurisdiction in that court of an appealed cause, and that neither the appearance of the parties in the court, nor their consent that the appeal may be heard, will confer jurisdiction. *Taylor v. Queen,* 1 Can. S. C. 65; *Koksilah v. Queen,* 5 B. C. 600; *Johnson v. Miller,* 7 B. C. 46; *Rex ex rel. Miller v. Reader,* 31 B. C. 417; *Rex ex rel. Burrows v. Evans,* 23 B. C. 128. By statute it is provided that an appeal may be taken from the whole or any part of a judgment. Court of Appeal Act, § 15.

It is a general rule, applicable in all jurisdictions, that jurisdiction of the subject-matter of the action means, not only authority in the court to hear and determine the particular class of actions to which the

action before it belongs, but authority to hear and determine the particular question which it assumes to determine.

"Jurisdiction may be defined to be the right to adjudicate concerning the subject-matter in the given case. To constitute this there are three essentials: First, the court must have cognizance of the class of cases to which the one to be adjudged belongs; second, the proper parties must be present; and third, the point decided must be, in substance and effect, within the issue. . . . It is impossible to concede that because A and B are parties to a suit, a court can decide any matter in which they are interested, whether such matter be involved in the pending litigation or not." *Reynolds v. Stockton*, 140 U. S. 254.

[2] So, if it be the rule that the judgment for costs entered in the court of first instance in British Columbia was so far separable from the judgment entered upon the cause of action therein at issue as not to be vested in the court of appeal by the appeal taken, there would seem to be merit in the appellant's contention. But we are not persuaded that the judgment is so separable. At common law costs were not recoverable *eo nomine*. 15 C. J. 21. Costs are purely statutory and can be awarded only when the statute gives them. *Meade v. French*, 4 Wash. 11, 29 Pac. 833. "Costs are in no sense the subject of the litigation, and while they are incident to all actions, they are nevertheless in their nature a mere incident to the judgment to which they attach. . . ." 15 C. J. 19. The rule is not different in the Province of British Columbia. By Marginal Rule No. 976 of the supreme court it is provided that the costs incident to all proceedings shall follow the event, unless the court or judge shall for good cause shown otherwise order. By Marginal Rule 868 of the court of appeal it is provided that the costs

of appeal and cross-appeal shall follow the event, unless the court for good cause shown shall otherwise order. Costs in that jurisdiction are, therefore, ancillary and incident to the judgment to which they attach. It must follow from this, we think, that an appeal from the principal judgment vests in the appellate court power and jurisdiction to reverse the judgment for costs entered, and power and jurisdiction to direct another and different taxation thereof.

Our attention has not been called to any decision of the court of appeal of British Columbia where the precise question here involved was discussed, but we think we may cite as substantiating our conclusions the opinions of the court in the particular cause. (*Pioneer Lum. Co. v. Alberta Lum. Co.*, 32 B. C. R. 442.) The cause was duly considered, three of the five justices participating delivering opinions for reversal, and one justice an opinion for affirmance. In none of the opinions was the question here urged mentioned, nor was it raised in the printed arguments of counsel. Seemingly, if it were vital, as it is here contended, some of the actors participating would have given it mention. Our conclusion is that the judgment from which the appeal before us is taken should be affirmed. It will be so ordered.

TOLMAN, C. J., HOLCOMB, MAIN, and PARKER, JJ., concur.