[No. 27293. Department One. December 2, 1939.]

WASHINGTON RECORDER PUBLISHING COMPANY, *Respondent*, v. CHAS. F. ERNST, *as Director of the State Department of Social Security, et al., Appellants.*[1]

[1]Reported in 97 P. (2d) 116.

*The Attorney General* and *Lyle L. Iversen, Assistant,* for appellants.

*Neal, Brodie & Trullinger,* for respondent.

SIMPSON, J.—This is a motion by respondent for retaxation of costs on appeal in *Washington Recorder Pub. Co. v. Ernst,* 199 Wash. 176, 91 P. (2d) 718.

Respondent undertook this litigation by reason of a ruling made by the unemployment compensation division of the department of social security to the effect that carriers distributing papers for respondent were employees as defined by Laws of 1937, chapter 162, p. 610, § 19, subd. (g), Rem. Rev. Stat. (Sup.), § 9998-119 [P. C. § 6233-317]. The ruling was challenged by respondent by the bringing of this action under the declaratory judgment act. The trial court entered a decree to the effect that the carriers in question were independent contractors and not employees of respondent under the provisions of the state unemployment compensation act. Costs in the superior court were awarded against appellants.

On appeal, we affirmed the judgment of the superior court except that portion relating to costs. In disposing of appellants' contention that the trial court erred in awarding costs against the state, we said:

"While this action was necessitated by the view of the law taken by appellants, thereby forcing respondent to litigation to have its rights ascertained, and it would be equitable to impose costs to be paid out of the unemployment compensation administration fund, the

action was brought by the respondent against state officers in their official capacities; consequently, the action in effect is one against the state, and the award to the respondent of its costs and disbursements is an award of costs against the state. We have consistently held that, in the absence of statutory authority therefor, costs may not be assessed against the state. We know of no authority for assessing costs against the appellants; and to that extent, the judgment is erroneous."

The question of costs upon appeal was not decided.

Because appellants subsequently filed a petition for rehearing, the clerk of this court made no immediate ruling upon the bill filed by respondent for costs upon appeal. After the rehearing was denied, respondent filed a supplemental cost bill to cover the expense of printing the answer to the petition for rehearing which had been requested by this court. Appellants took exception as to each cost bill, and September 22, 1939, the clerk of this court denied the costs on both bills.

■ The general rules governing allowance of costs are well established. That costs are a creature of statute is beyond question.

"At common law costs were not recoverable eo nomine . . . Costs can therefore be imposed and recovered only in cases where there is statutory authority therefor, and where the party claiming costs comes within the operation of the statutory provision relating to costs. The courts have no power to adjudge costs as against anyone on mere equitable or moral grounds." 15 C. J. 21, § 3.

The following statement relating to cost statutes appears in 2 Lewis' Sutherland on Statutory Construction (2d ed.), 1306, § 718:

"Statutes allowing costs, it was ruled at an early day, should be taken strictly, as being a kind of penalty. This reason is not strictly correct. Costs are compensatory to the prevailing party; they are allowed him to make his remedy more adequate. The liability

to pay them is created by statute, because the party so made liable has furnished the occasion for incurring these costs. The obligation extends no further than it is plainly declared by the authority which creates it. 'Costs are only recoverable when there is statutory authority awarding them.' Statutes imposing costs are strictly construed as penal in their nature and as creating liabilities which did not exist at common law. The allowance of costs turns on the interpretation of the terms of the statutes and the intention deduced therefrom, and neither costs nor salaries can be given or increased by construction or in any indirect manner beyond the amount specified by law."

In *Meade v. French,* 4 Wash. 11, 29 Pac. 833, this court said:

"Costs are purely statutory, and can only be awarded where the statute gives them."

In *Pierce County v. Magnuson,* 70 Wash. 639, 127 Pac. 302, Ann. Cas. 1914B, 889, it was stated:

"The awarding and payment of costs is purely a matter of statutory regulation. The recovery of costs was unknown to the common law, and no provision could be made for their payment except as expressly authorized by statute. This rule has been one of such universal application that it has become the settled doctrine of the courts that costs are the creature of statute merely, and that the allowance of them in any case would depend entirely upon the terms of some statute. It has also been held that there is no inherent power in the courts to award costs, and that they can be granted in any case or proceeding solely by virtue of express statutory authority. 5 Ency. Plead. & Prac., 110. In *Coggill v. Lawrence,* 2 Blatchf. (U. S.) 304, it was held that neither party can recover costs upon any equity in the case; nor does the court possess authority to award them as an incident of its power over the parties or the subject-matter of the litigation."

See, also, *Perlus v. Silver,* 71 Wash. 338, 128 Pac. 661; *Eggerth v. Spokane,* 91 Wash. 221, 157 Pac. 859;

*Nelson v. Industrial Ins. Department,* 104 Wash. 204, 176 Pac. 15; *Alberta Lumber Co. v. Pioneer Lumber Co.,* 138 Wash. 132, 244 Pac. 250; *Victor Products Corp. v. Edwards,* 172 Wash. 1, 18 P. (2d) 1045; and *King County v. Seattle,* 195 Wash. 293, 80 P. (2d) 838.

The following rules are directed to the situation where, as here, the state is a party to the litigation and the question relates to costs on appeal.

In 14 Am. Jur. 22, § 34, this rule is stated:

"A sovereign state, in suits to which it is a party in its own courts, is not liable for costs in the absence of an express statute creating such liability."

Referring again to Corpus Juris, we find this statement:

"The right to costs of appeal or writ of error are dependent solely on statute. In the absence of special statutory authorization such costs cannot be allowed." 15 C. J. 239, § 594.

Our attention has been directed to the following sections of Rem. Rev. Stat., as having a bearing upon the allowance of costs against the state:

§ 886 [P. C. § 6260]. "Any person or corporation having any claim against the state of Washington shall have a right of action against the state in the superior court of Thurston county. . . ."

§ 889 [P. C. § 6263]. "No execution shall issue against the state on any judgment, but whenever a final judgment against the state shall have been obtained in any such action, the clerk shall make and furnish to the auditor of state a duly certified transcript of such judgment; and the auditor of state shall thereupon audit the amount of damages and costs therein awarded, and the same shall be paid out of the state treasury."

§ 491 [P. C. § 7472]. "In all actions prosecuted in the name and for the use of the state, or in the name and for the use of any county, the state or county shall be

liable for costs in the same case and to the same extent as private parties."

§ 493 [P. C. § 7474]. "In all actions and proceedings other than those mentioned in this chapter, where no provision is made for the recovery of costs, they may be allowed or not; and if allowed, may be apportioned between the parties, in the discretion of the court."

■ Respondent urges that this action is of the character mentioned in § 886 and that the necessary statutory authority for the allowance of costs against the state may be found in the language of § 889. The section last mentioned does no more than make provision for the manner in which recovery may be had for "the amount of damages and costs" awarded in a judgment obtained against the state. No direct authorization for the allowance of costs against the state on appeal can be derived from the bare reference to costs in the description of the method to be employed in collecting them after they have been awarded. Section 889 is of assistance to the successful adversary of the state only in the event that specific statutory authorization for the granting of costs can be established from some other source.

■ ■ It is next contended by respondent that, under the provisions of § 493, this court may, in its discretion, award costs against the state. It is manifest that the situation presented by the case at bar, in which the state was defendant in the superior court, does not fall within that group of cases wherein costs are allowable against the state under the provisions of § 491. Section 491 plainly describes the only situation in which costs may be awarded against the state; that is, where the action is "prosecuted in the name and for the use of the state." Section 493 cannot be employed to furnish express statutory authority for the granting of costs against the state. That section of the statute

relates only to costs in cases between private individuals.

We have also considered the provisions of Rem. Rev. Stat., § 1744 [P. C. § 7329], which relates to costs on appeal, but do not find therein any specific statutory authorization for allowing costs against the state.

■ Respondent argues that when, as in the instant case, the state, as defendant, prosecutes an appeal from an adverse judgment in the trial court, it thereby becomes the plaintiff in the action for the purposes of the appeal, and is liable for costs under § 491 if the appeal proves unsuccessful. In support of this proposition, respondent cites *Romine v. State,* 7 Wash. 215, 34 Pac. 924. It is true that the facts in the *Romine* case are somewhat analogous to those with which we are now concerned. Romine, as plaintiff, obtained judgment against the state in the trial court with respect to title to certain school lands. The state prosecuted an unsuccessful appeal to this court after judgment had been entered against it in the trial court. Considering the question of costs, this court stated:

"The statute does not authorize the assessment of costs against the state, and none should have been allowed. The state has never been in fault in these matters, but it has graciously allowed a suit to be brought that the landholder might secure further assurance of his title. It is all to his advantage, and he ought to pay the expense of the proceeding. But it was different when the state appealed, and thereby put itself in the wrong. . . .

"Respondent will recover costs of the appeal only against the state."

The case of *State ex rel. Dill v. Martin,* 45 Wash. 76, 87 Pac. 1054, presents another instance in which costs in this court were allowed against the state to the prevailing parties on appeal. This case is not in point.

While the court did not mention the statute in its decision, it stated:

"Such costs should not, however, be charged against the relators, but against the state on whose relation, in whose behalf, and for whose benefit alone the relators acted, and at whose instance the erroneous judgment was entered."

We are unable to follow the ruling in the cases just cited, for the reason that the statutes relative to the costs on appeal were not considered or applied. Moreover, the holdings were contrary to the unanimous weight of authority.

We hold in conformity with the recognized general rule that costs may not be taxed against the state in an action brought against it until the legislature, by express statutory provision, provides for such taxation, and, inasmuch as there is now no express statutory authority for taxing costs against the state, we must deny the motion for the retaxation of costs.

It is so ordered.

BLAKE, C. J., MAIN, MILLARD, and ROBINSON, JJ., concur.