[Nos. 27411, 27412. Department Two. July 26, 1940.]

W. J. LAKE & COMPANY, INC., *Respondent*, v. KING COUNTY *et al.*, *Appellants*.[1]

[1] Reported in 104 P. (2d) 599.

B. *Gray Warner* and *Lloyd W. Shorett,* for appellants King County *et al.*

*Wright & Wright,* for appellant Stacy.

*Stevenson & Gershon,* for respondent.

*Trefethen, Porterfield & Trefethen, Edwin C. Ewing,* and *Daniel B. Trefethen, amici curiae.*

BEALS, J.—W. J. Lake & Company, Inc., instituted two actions before the superior court for King county, against King county, a municipal corporation, Ralph S. Stacy, as county treasurer, and Roy B. Misener, as county assessor. The two actions were consolidated for trial before the superior court, and resulted in decrees for the plaintiff, from which the defendants appealed. The actions were consolidated for hearing in this court, and the judgments appealed from were affirmed. *Lake & Co. v. King County,* 3 Wn. (2d) 500, 101 P. (2d) 357. For a statement of the facts, reference is made to the opinion of the court above cited. The questions here to be considered concern the allowance of costs.

After the appeals to this court, and while the cases were here pending, Ralph S. Stacy, who, as treasurer of King county, was one of the original defendants in the action, and one of the appellants, appeared in this court by counsel other than the prosecuting attorney, who, at the trial in the court below, had represented all of the defendants, and by petition represented to this court that the respondent in the case and King county, acting through its commissioners and represented by

its prosecuting attorney, had entered into a purported compromise and settlement, whereby it was proposed that the litigation be terminated by payment to the county treasurer of a sum much less than the original amount of the tax sought to be collected by the county against respondent's property. The county treasurer asked that he be permitted to appear before this court by counsel other than the prosecuting attorney, and resist the proposed settlement pursuant to the compromise agreement referred to. July 24, 1939, an order was signed by the acting chief justice, permitting the county treasurer to appear before this court by his own counsel and to be heard in opposition to the compromise agreement. Thereafter, motions and demurrers directed against the petition of the county treasurer were denied and overruled, and the county treasurer participated in the hearing on the merits before this court, his counsel filing a printed brief and taking part in the oral argument.

It should be noted that the position taken by the county treasurer was approved, the proposed compromise and settlement of the cases never having become effective. As above noted, the cause was finally determined by this court on the merits in favor of respondent and against the position of the appellants, including the county treasurer.

While the case was pending before this court, the attorneys for Alaska Distributors, Inc., a corporation, requested leave to file a brief as *amicus curiae*, which application was granted, and a brief filed, in which *amicus curiae* argued in support of the contentions urged by the respondent in the action.

After the decision of the consolidated causes by this court, cost bills were filed by respondent and *amicus curiae*, but the clerk refused to tax costs in favor of respondent, against the county or its officers, to which

ruling respondent excepted, contending that its costs should be allowed against appellant county and against Mr. Stacy, as county treasurer.

The county treasurer contends, not only that costs should not be awarded against him, but that, as intervener before this court, he should be allowed against King county an amount for the expense of printing his brief, and for reasonable compensation to his counsel.

*Amicus curiae* contends that costs should be allowed for the printing of his brief, for his appearance fee paid in this court, and for the statutory attorney's fee.

■ Concerning the contentions of *amicus curiae*, it is sufficient to say that it has not been the practice in this court to allow costs to *amici curiae*, and we are convinced that the established precedent should not be changed. No statute justifying such an award is called to our attention. The clerk properly refused to tax costs in favor of *amicus curiae*.

■ Respondent contends that it is entitled to recover costs against appellant Ralph S. Stacy, who was named as a defendant in the action as treasurer of King county. Any judgment against Mr. Stacy in his official capacity as county treasurer should be by way of a judgment against King county. This situation is not changed by the fact that Mr. Stacy, by leave of this court, appeared here by separate counsel and filed a brief on his own behalf. No costs should be taxed against Mr. Stacy or against Mr. Misener, who was also named as a defendant in the action as assessor of King county.

■ Mr. Stacy asks that he be allowed, as against King county, the cost of printing his brief and a reasonable sum by way of compensation to his counsel. In this connection, Mr. Stacy relies upon Rem. Rev. Stat., § 11271 [P. C. § 6882-110], which reads as follows:

"Whenever a civil action is commenced against any person holding the office of county treasurer, county auditor, or any other officer, for performing or attempting to perform any duty authorized or directed by any statute of this state for the collection of the public revenue, such treasurer, auditor or other officer may, in the discretion of the court before whom such action is brought, by an order made by such court and entered in the minutes thereof, be allowed and paid out of the county treasury, reasonable fees of counsel and other expenses for defending such action."

Until after the signing of the decree by the superior court, and until the county commissioners proposed to settle and compromise this litigation with respondent, which was after this court had obtained jurisdiction of the action, Mr. Stacy was represented by the prosecuting attorney of King county. As above stated, Mr. Stacy was then, by an order of the then acting chief justice, granted permission to appear before this court by his own counsel and be heard in opposition to the compromise agreement, as well as upon the merits of the action. The order referred to simply authorized Mr. Stacy to appear before this court and urge his objections to the compromise and settlement of the litigation, and to thereafter participate in proceedings before this court by his own counsel.

The section of the statute above quoted provides that, "in the discretion of the court before whom such action is brought," that court may allow, in favor of the county officer therein referred to, reasonable attorney's fees and expenses.

In Black's Law Dictionary (2d ed.), the phrase "bring suit" is defined as follows:

"To 'bring' an action or suit has a settled customary meaning at law, and refers to the initiation of legal proceedings in a suit. A suit is 'brought' at the time it is commenced. [Authorities being cited.]"

The statute cannot be extended beyond its plain terms. Had the word *pending* been used, instead of *brought,* a different question would be presented. This action was not "brought" before this court.

The situation was not changed by the fact that Mr. Stacy obtained leave of this court after the appeal to appear before this court by separate counsel. He did not at that time ask that the section of the statute above referred to be construed and his rights thereunder, if any, determined. He requested leave to appear before this court by separate counsel, and his application was granted. We are constrained to hold that the statute above quoted, under the peculiar circumstances here present, affords no lawful ground for directing that King county reimburse Mr. Stacy for the printing of his brief, and pay his counsel a reasonable fee.

█ Finally, there must be considered the right of respondent to have its costs taxed against appellant King county. The following sections of Rem. Rev. Stat. are pertinent to this inquiry:

Section 491 [P. C. § 7472]: "In all actions prosecuted in the name and for the use of the state, or in the name and for the use of any county, the state or county shall be liable for costs in the same case and to the same extent as private parties."

Section 493 [P. C. § 7474]: "In all actions and proceedings other than those mentioned in this chapter, where no provision is made for the recovery of costs, they may be allowed or not; and if allowed, may be apportioned between the parties, in the discretion of the court."

Section 1744 [P. C. § 7329] provides for the allowance to the prevailing party of costs in the superior court.

In the recent case of *Washington Recorder Pub. Co. v. Ernst,* 199 Wash. 176, 91 P. (2d) 718, a judgment in

favor of the plaintiff was affirmed, but the judgment appealed from was modified by striking therefrom that portion of the judgment awarding costs against the state. The same case was again before this court (1 Wn. (2d) 545, 97 P. (2d) 116), where a motion by the respondent (plaintiff below) for the taxation of costs in its favor on the appeal before this court, in which appeal respondent prevailed, was considered. This court discussed the applicable statutes and many authorities, including several of our own decisions, refused to follow the case of *Romine v. State*, 7 Wash. 215, 34 Pac. 924, and held that, under existing laws, costs may not be taxed against the state in an action brought against it. The court considered § 491, *supra*, and held it inapplicable, as the action, being against the state, did not fall within the class of cases referred to. Section 491 refers both to the state and to any county, and respondent has called our attention to no other statute which provides for the taxation of costs against a defendant county. If there exists no warrant of law for taxing costs against the state when the state is a defendant, it would seem to follow that the same rule applies to counties.

In the case of *Pierce County v. Magnuson*, 70 Wash. 639, 127 Pac. 302, Ann. Cas. 1914B, 889, a complaint was filed charging a certain infant with being a delinquent, the mother of the child being also charged with contributing to such delinquency. The mother appeared in the action and demanded a jury trial, with the result that the charges were not sustained. The mother then claimed against the county the fees of her witnesses, which the superior court ordered paid. From this order, the county appealed. This court considered at length the question of costs, again referred to the well established rule that costs may not be allowed except as expressly authorized by statute, and dis-

cussed many of our cases. It was held that § 491 had no application, because the county was not a party to the proceeding before the juvenile court. Deciding the question at issue, the court said:

"Finding no provision in the act itself which makes the county liable for these costs, nor any general statute under which such liability can be sustained, we are of the opinion that the order appealed from is without authority of law, and the judgment is reversed."

Respondent calls attention to the case of *Association Collectors v. King County,* 194 Wash. 25, 76 P. (2d) 998, in which (p. 44) it was directed that certain costs be taxed against King county. It is doubtless true that, in many cases, costs have been awarded against counties, but, as stated in the *Washington Recorder* case, *supra,* the appropriate statutes were not considered or applied.

The case of *Washington Recorder Pub. Co. v. Ernst, supra,* is here controlling, and we hold that the clerk properly refused to tax costs in respondent's favor against King county. Respondent's exceptions to the refusal of the clerk to tax costs in respondent's favor are overruled. No costs will be taxed.

BLAKE, C. J., SIMPSON, JEFFERS, and STEINERT, JJ., concur.