[No. 28151. *En Banc.* April 17, 1941.]

MONTANA HEADLIGHT OIL COMPANY, *Respondent*, v. THE STATE OF WASHINGTON *et al.*, *Appellants.*[1]

*The Attorney General* and *John E. Belcher, Assistant,* for appellants.

*Hamblen, Gilbert & Brooke,* for respondent.

DRIVER, J.—By this action, plaintiff sought to enjoin the defendants, the state and certain of its officers, from collecting any taxes or penalties from plaintiff under Title XI, chapter 180, Laws of 1935, p. 749, as amended by chapter 116, Laws of 1937, p. 459, which imposed an excise tax upon fuel oil distributors, on the ground that the statute was unconstitutional and invalid. A demurrer to the complaint was overruled. Defendants refused to plead further, and a decree was entered in favor of the plaintiff. Defendants appealed.

With the exception of the name of the plaintiff, the pleadings in the instant case are identical with those in *Inland Empire Refineries, Inc. v. State, ante* p. 123, 112 P. (2d) 541; and the two cases present exactly the same questions.

[1] Reported in 112 P. (2d) 541.

The cited case and *Texas Co. v. Cohn, ante* p. 360, 112 P. (2d) 522, control this one; and the decree of the trial court accordingly is reversed, with instructions to sustain appellants' demurrer to respondent's complaint.

ROBINSON, C. J., MAIN, BEALS, BLAKE, and JEFFERS, JJ., concur.

SIMPSON, J., dissents.

MILLARD, J. (dissenting)—On the ground of unconstitutionality of chapter 180, Laws of 1935, as amended by chapter 116, Laws of 1937, which imposed a tax upon distributors of fuel oil, plaintiff distributor brought this action to enjoin officers of this state from assessing against or collecting from plaintiff any tax or penalty under the statute. Defendants' demurrer upon the ground that the complaint does not state facts sufficient to constitute a cause of action, was overruled. On refusal of defendants to plead further, decree was entered permanently enjoining defendants, as prayed by plaintiff, and taxing costs in the amount of nineteen dollars in favor of the plaintiff. Defendants appealed.

Counsel for appellants first contend that, as the trial court's order contains no language to the effect that the court found the challenged statute unconstitutional, the permanent injunction was granted without any lawful basis therefor. We can not agree that the trial court was without right to enter the order until the court had first expressly ruled upon the question—the sole question presented by the pleadings—of constitutionality raised by the complaint and demurrer.

This is an equity case, in which no findings of fact or conclusions of law were required. Appellants' demurrer admitted the truth of all well pleaded facts, as well, also, as every legitimate inference deduced from such facts. *Puget Mill Co. v. Duecy,* 1 Wn. (2d) 421, 96 P. (2d) 571.

The allegations were sufficient to disclose that distributors of fuel oil were required, under the challenged statute, to pay a tax of approximately eleven per cent for the privilege of distributing fuel oil, while there was no comparable tax upon the distributors of solid fuel. The truth of those allegations of fact was admitted by the demurrer. *Union Bag & Paper Corp. v. State,* 160 Wash. 538, 295 Pac. 748, 74 A. L. R. 1295. On those facts, the court overruled the demurrer and entered decree—the only theory upon which it could be entered was that the statute was unconstitutional—permanently enjoining the appellants from collecting the tax. On the same facts we held, in *Texas Co. v. Cohn* (Nos. 28173 to 28187, inclusive), *ante* p. 360, 112 P. (2d) 522, that chapter 180, Laws of 1935, as amended by chapter 116, Laws of 1937, was unconstitutional.

Error is next assigned on award of costs in the amount of nineteen dollars in favor of respondent. Respondent concedes that, under *Washington Recorder Pub. Co. v. Ernst,* 1 Wn. (2d) 545, 97 P. (2d) 116, costs may not be assessed against the state in an action brought against it, and waives the award, which waiver cures the error.

My views, as expressed above December 16, 1940, have undergone no change.

The judgment should be affirmed.

STEINERT, J. (dissenting)—I concur in the conclusion reached by Judge Millard that the judgment of the trial court should be affirmed. I therefore dissent from the majority opinion.