[No. 376. Decided March 10, 1892.]

THE STATE OF WASHINGTON, *on the relation of News Publishing Co., Respondent,* v. S. C. MILLIGAN, *Appellant.*

#### COSTS IN CONTEMPT PROCEEDINGS.

In a proceeding for contempt, brought in the name of the state on the relation of parties in interest to a suit out of which the contempt proceeding grew, the discharge of the defendant will throw the costs upon the county, as such proceeding is of a criminal nature; and under the general law in relation to costs in criminal cases, where the defendant prevails, not the state, but the county, is responsible for costs.

*Appeal from Superior Court, Pierce County.*

Motion to re-tax costs and modify the judgment rendered on appeal.

*W. H. Pritchard,* for the motion.

*James A. Haight,* against the motion.

The opinion of the court was delivered by

DUNBAR, J.—This is a motion to re-tax the costs in the above entitled action and to modify the judgment herein rendered, in this: That the judgment for costs awarded by the court in favor of appellant may be awarded against the State of Washington, instead of against the News Publishing Company, the relators herein. The appeal was from contempt proceedings, and while it is true that the relators were parties in interest to the suit out of which the contempt proceeding grew, yet the proceeding is of a criminal nature, and the general public are no less interested than the relators in the administration of the laws and the enforcement of the orders of courts. Courts will institute proceedings for contempt for their own protection; and when they do, the parties to the proceeding are the state and the defendant; and while it is true that the statute

provides that in all cases where the proceeding is commenced upon the relation of a private party, such party shall be deemed a co-plaintiff with the state, we do not think that will change the rule as to costs. The costs incurred in the proceedings are in no way connected with the original case which the litigants are responsible for. The fine imposed, if collected, is for the benefit of the county and not for the benefit of the relators. I think the motion should be allowed, excepting that the costs should be taxed against the county instead of against the state. It is true the case is brought in the name of the state, but so are all other criminal actions; and under the general law in relation to costs of this kind, where the defendant prevails, the county, and not the state, is responsible for the costs. The judgment will therefore be modified to the extent that the defendant may have and recover his costs from the county of Pierce.

SCOTT, HOYT and STILES, JJ., concur.

ANDERS, C. J., not sitting.