[No. 1154.  Decided December 22, 1893.]

THE STATE OF WASHINGTON, *on the relation of Thurston County*, v. L. R. GRIMES, *State Auditor.*

COSTS IN CRIMINAL CASES — LIABILITY OF STATE — CONSTITUTIONAL LAW — ACT DIMINISHING COMPENSATION BY FEES.

The state is not liable to the county, upon the successful prosecution of a felony in the superior court, for such costs as clerk's and sheriff's fees, fees and mileage of jurors, stenographer's charges, and expenses incurred for a plat of the scene of the crime, nor for the fees of defendant's witnesses in the preliminary examination.

The state is liable, in such cases, for the fees of defendant's witnesses appearing and testifying at the trial, when the cost bill therefor has been certified by the clerk and approved by the judge.

The constitutional prohibition against diminishing the compensation of any public officer during his term does not apply to officers who receive specific fees for specific services, and accordingly the fees of justices and constables may be reduced by a law passed subsequently to their election and qualification.

*Original Application for Mandamus.*

*Milo A. Root*, Prosecuting Attorney, for relator.

*James A. Haight*, for respondent.

The opinion of the court was delivered by

STILES, J. — The respondent, as state auditor, refuses to allow and issue his warrant for certain items contained in

a cost bill in the case of a successful prosecution for felony in the superior court of Thurston county, and a *mandamus* is asked for to require him to do so.   The items disallowed are as follows:

1. Clerk's fees......................................................................................... $28 80
2. Sheriff's fees...................................................................................... 131 10
3. Stenographer, 6 days ........................................................................ 60 00
4. Plat of scene of crime....................................................................... 20 00
5. Fees and mileage paid trial jurors................................................... 382 60
6. Same, paid jurors on special venire................................................ 290 40
7. Fees of defendant's witnesses on trial............................................ 358 40
8. Same, on preliminary examination................................................. 110 20

The fees of the justice of the peace who held the preliminary examination, and of the constable attending the justice, were allowed in part only, the auditor claiming that they should be based on the fee bill of 1893 (Laws, p. 421), and the relator, that the schedule of fees theretofore existing should apply.

This is one of the most difficult matters which this court has had to pass upon, not because of any principle of law involved in it, but because of the almost total lack of statutory guidance.   Previous to 1883, the Code, §§ 2106–7, contained definite provisions on the subject, under which the territory was required to pay the costs allowed by the district judge in every case of successful prosecution for felony.   But the act of November 28, 1883 (Laws, p. 35), amended both of those sections, very little to their improvement so far as the construction of them goes.   Sec. 2106 was only slightly changed, so as to provide for the transmission of a triplicate of the cost bill, as allowed by the judge, to the territorial auditor.   But § 2107 was altered in its entire scope, so far as the territory was concerned. It provided as follows:

"On receipt of the certified copy of said cost bill, the territorial auditor shall examine and audit said bill and allow the same, *or so much thereof as may be allowable against the territory,* and shall credit the *amount so allowed*

to the county from whence the bill came as so much territorial tax paid.''

Thus the statute remains at this time. Gen. Stat., § 3053. Now the general rule under our system of county organization is, that the counties are burdened with the entire cost of the administration of the criminal laws within their boundaries; and, in turn, they receive and appropriate to their own use all fines and costs collected in criminal cases. Gen. Stat., § 3054; Code Proc., § 1335. In unsuccessful prosecutions, no matter what the grade of the crime, they bear the entire expense; and in all cases they must, in the first instance, disburse for all such expenses, and are directly liable to officers, witnesses, jurors, etc. The old § 2107, however, gave them an absolute offset for expenses in successful prosecutions for felony, against so much territorial taxes, when the judge had approved the cost bill. But the amendment of 1883 changed all this, took away the finality of the judge's approval and the absoluteness of the territory's liability, and made the territorial (now state) auditor's approval a necessity, and the auditor's action was limited to so much of the bill as was ''allowable against the territory.'' Therefore the difficulty now is to say what is ''allowable,'' the legislature having repealed the only portion of the law which ever provided that anything should be so allowed. Under the general rule as to counties, nothing whatever would have been allowable against the territory, but for § 2107; and with that section repealed, the counties would have been left to pay all such expenses. But we now have an implication that something is to be paid by the state, and a considerable annual appropriation for that purpose, with no guide as to what particular items are chargeable to the state except as it may be got by implication from scattered provisions of the statutes.

The relator's proposition is that the auditor should allow

all of the items of the cost bill except such as are by law chargeable to the county alone. This is, perhaps, as good a rule as can be framed, and we shall proceed to examine the items before us according to that standard.

1. The clerk is a salaried officer and can collect no fees against the county or the state. It may be that clerk's fees can be included in the judgment against a prisoner who is convicted, but such fees are not to be embraced in the cost bill here spoken of, which is a list of such expenses of the particular case as are not otherwise provided for.

2. The foregoing applies, also, to sheriff's fees.

3. A stenographer is a convenience merely, not authorized by any statute. This facility to the trial of criminal cases, when necessary, and if allowable for at all, must be provided by the county.

4. A plat or map is of the same character as the services of a stenographer.

5, 6. The counties are expressly made liable for the payment of the per diem and mileage of jurors (Gen. Stat., § 3031), and this provision is placed in opposition to "costs in criminal cases," which are spoken of in another place in the same section. Each juror is entitled to receive from the clerk, at the close of his term of service, a certificate of the amount of his per diem and mileage, without regard to the cases he has been called to sit in, whether civil or criminal. Gen. Stat., § 3049.

Every venire is either the general venire authorized by law, or a special venire directed by the court. The judge does not pass upon juror's certificates, and their compensation does not belong in the cost bill here treated of. A prisoner, when convicted, is chargeable with a jury fee of twelve dollars, which goes into the cost bill against him. Gen. Stat., § 3052. A jury is an essential part of a criminal court, which the county must provide.

7. Witnesses are allowed fees and mileage in criminal

cases, which must be included in the cost bill, certified by the clerk and approved by the judge (Code Proc., § 1382; Gen. Stat., § 3049), although this is said more because there is no statutory provision on the subject than for any other reason. It is highly proper, however, that the judge, who is better able to say whether a witness was reasonably necessary or not than any other officer, should pass upon such allowances, and the cost bill is the only means of bringing the matter before him. Gen. Stat., § 233, makes it the duty of prosecuting attorneys "to carefully tax all cost bills in criminal cases," and "take care that no useless witness fees are taxed as part of such costs."

But the contention here is, that defendant's witness fees are not allowable in case of a conviction, and that, at any rate, they are not allowable against the state. This opinion, rejecting the foregoing items, would carry with it a denial of the writ of *mandamus;* for the application comes as a whole, and cannot be refused in part and granted as to the rest. But it will probably save another like proceeding if we here indicate our views as to these witness fees.

The constitution guarantees to an accused person the right to have compulsory process to compel the attendance of witnesses in his own behalf, without the advancement of money or fees to secure this right. But it cannot be that the measure of the constitutional requirement would be filled by the mere issuance of a subpœna by the clerk, leaving to the accused the burden of making service and paying fees and mileage. Such a construction would be to give the shadow and withhold the substance; and we think the constitution can only be satisfied by the production of the witness in court without the payment of fees or mileage in advance. To bring this about, of course the accused is not at liberty to sow the country broadcast with subpœnas. He ought to apply to the court or judge for an order for the issuance of a subpœna and the service thereof, and make a showing in general terms of the necessity, so that

there may be no wasteful expense. Witnesses thus subpœnaed, and other witnesses voluntarily appearing and giving material testimony at the trial, should have their per diem and mileage taxed in the cost bill, and paid by the county, which will then be entitled to recover the amounts from the accused in case of conviction. The cost bill coming to the auditor ought to show on its face that witness fees and mileage allowed by the judge were of this character, and such fees and mileage ought to be allowed against the state, since they are not expressly chargeable to the counties.

8. But defendant's witnesses at a preliminary examination are an entirely different matter. The constitutional provision referred to applies to trials only, and a preliminary examination is not, in any proper sense, a trial. Whatever expense the defendant incurs there is his own matter, and is not recoverable against either the county or the state if the defendant is held.

9. Touching the justice's and constable's fees, it is claimed that, as the fee bill of 1893, which reduced fees materially, was passed subsequently to their election and qualification, the prohibition against diminishing the compensation of any public officer contained in art. 2, § 25 of the constitution operates to postpone the effect of that law until the terms of these officers expire. But one authority is cited (*Board of Supervisors v. Hackett*, 21 Wis. 620), and that case held that such a constitutional provision applied only to such officers as receive a fixed salary out of the public treasury, and not to officers who receive specific fees for specific services. The section of the Wisconsin constitution construed is exactly like our own, and we think the reasons given for the ruling in the case cited are conclusive.

The application for a writ is denied.

DUNBAR, C. J., and HOYT, SCOTT and ANDERS, JJ., concur.