[No. 2934. Decided May 20, 1898.]

Z. COLBY, *Appellant*, v. C. F. BACKUS, *Respondent*.

DUE PROCESS OF LAW — IMPRISONMENT FOR DEBT — COSTS AGAINST COMPLAINING WITNESS.

A statute authorizing a justice of the peace to adjudge costs against a complaining witness in a prosecution for misdemeanor and order his imprisonment until paid, in case the trial results in the acquittal of defendant and the court finds the complaint was frivolous and without probable cause, is not unconstitutional on the ground that it deprives a person of his liberty and property without due process of law.

A statute authorizing the imprisonment of the complaining witness in a malicious prosecution until payment of the costs of the action imposed upon him by the justice as a penalty, is not in violation of the constitutional inhibition against imprisonment for debt, as such constitutional provision relates only to liabilities arising on contract.

Appeal from Superior Court, Spokane County.—Hon. WM. E. RICHARDSON, Judge. Affirmed.

*Danson & Huneke*, for appellant.

*John A. Pierce*, for respondent.

The opinion of the court was delivered by

GORDON, J.—Appellant was the complaining witness in a prosecution instituted before the respondent, a justice

of the peace of the county of Spokane, in which certain parties were charged with trespass. The trial resulted in the acquittal of the defendants therein, and the court, having found that the complaint was frivolous and without probable cause, ordered and adjudged that the complaining witness (appellant here) should pay the costs. Thereafter appellant obtained a writ of review from the superior court and on a hearing had thereon the judgment and order of the justice was affirmed. From that decision this appeal was taken.

Appellant contends that § 1588, 2 Hill's Code (Bal. Code, § 6700), and § 3050, 1 Hill's Code (Bal. Code, § 1627) are unconstitutional; first, because they operate to deprive a person of his liberty and property without due process of law; and second, because they allow imprisonment for debt. As to the first contention, the decisions upon similar statutes are conflicting, some courts upholding and others denying their validity. In the following cases the statute was considered constitutional: *In Re Ebenhack*, 17 Kan. 618; *State v. Donnell*, 11 Iowa, 452; *State v. Darr*, 63 N. C. 516; *Lowe v. Kansas*, 163 U. S. 81 (16 Sup. Ct. 1031); *State ex rel McCaslin v. Smith*, 65 Wis. 93 (26 N. W. 258).

To the contrary, see: *State ex rel McGraw v. Ensign*, 11 Neb. 529 (10 N. W. 449).

The provision of our state constitution is identical with that of the federal constitution in relation to due process of law, and we think that the conclusion reached by the supreme court of the United States in *Lowe v. Kansas*, *supra*, is authoritative and should be followed by us. The statute which is assailed in the present case is almost identical with that of Kansas, which was passed upon by the federal court, and we shall not attempt to enlarge upon the decision in that case.

As to the second objection, viz., that it has the effect of imprisoning the complaining witness for debt, it was said by the supreme court of Kansas in *In re Ebenhack, supra:*

" These costs are cast upon him as a penalty—they do not constitute strictly and simply a debt, in the technical sense of the word, any more than the fine imposed upon a party convicted of assault and battery, is a debt."

The imprisonment which is forbidden by the constitution, art. 1, § 17, relates to liabilities arising on contract. *In re Wheeler,* 34 Kan. 96 (8 Pac. 276), and the numerous authorities there cited. See, also, *In re Boyd,* 34 Kan. 570 (9 Pac. 240).

Affirmed.

Scott, C. J., and Anders and Dunbar, JJ., concur.