[No. 5467. Decided September 6, 1905.]

THE STATE OF WASHINGTON, *Respondent,* v. FRANK RUTLEDGE, *Appellant.*[1]

COSTS — ON REVERSAL IN CRIMINAL CASE — TAXATION AGAINST STATE—STATUTES—CONSTRUCTION—LONG ACQUIESCENCE IN PRACTICE. Under Bal. Code, §§ 1627, 5182, 6528, and 7009, the costs on appeal in a criminal case, where the appellant is successful, are taxable against the state, especially in view of the uniform construction that has been placed thereon for years, and acquiesced in by the legislature.

Exceptions on the part of the state to the taxation of costs against it upon the reversal in the supreme court of a judgment of conviction in a criminal action. Exceptions overruled.

*Robertson, Miller & Rosenhaupt,* for appellant.

*Horace Kimball, R. M. Barnhart,* and *A. J. Falknor,* for respondent.

[1]Reported in 82 Pac. 126.

PER CURIAM.—The appellant was convicted of crime, and appealed to this court, when the judgment entered against him was reversed. In perfecting his appeal, he paid the following fees and costs: To clerk supreme court, docket fee, $5.00; to clerk superior court, transcript, $5.00; to clerk superior court, certificate, $.25; to printing brief, $24.75; to stenographer, transcribing statement of facts, $60.90. On the entry of the judgment of reversal in this court, the clerk allowed the appellant judgment for the amount so paid, taxing the same against the state. The state excepted to the allowance of any costs whatsoever against it, and contends here that there is no warrant or authority of law for taxing against it the costs advanced by an appellant, on an appeal in a criminal action or proceeding, whether the appeal be prosecuted successfully or otherwise.

It may be conceded that the state, in the absence of a statute so providing, is never liable for costs in a criminal action, whether the defendant be acquitted or convicted. The question presented therefore is, is there a statute in this state allowing costs to an appellant on an appeal in a criminal case where the appeal is successful? Those called to our attention as bearing upon the question are the following from Bal. Code:

"§ 1627. When any person shall be brought before a court, justice of the peace, or other committing magistrate of any county, city, or town in this state, having jurisdiction of the alleged offense, charged with the commission of a crime or misdemeanor, and such complaint upon examination shall appear to be unfounded, no costs shall be payable by such acquitted party, but the same shall be chargeable to the county, city, or town for or in which the said complaint is triable; . . ."

"§ 5182. In all actions prosecuted in the name and for the use of the state, or in the name and for the use of any county, the state or county shall be liable for costs in the same case and to the same extent as private parties."

"§ 6528. Costs shall be allowed in the supreme court, irrespective of any costs taxed in the case in the court below,

to the prevailing party in the supreme court, on any appeal in any civil action or proceeding as follows: The fees of the clerk of the supreme court paid by the prevailing party, the fees of the clerk of the court below for preparing, certifying and sending up the records on appeal, or any supplementary record, paid by the prevailing party, and twenty-five dollars attorneys' fees, besides his necessary disbursements for the printing of briefs, and any sum actually paid or incurred by the prevailing party as stenographer's fees, not exceeding ten cents a folio, for making a transcript of the evidence or any part thereof included in the bill of exceptions or statement of facts; but when the judgment of the court below shall be affirmed in part and reversed in part, or affirmed as to some of the parties and reversed as to others, or modified, the costs shall be in the discretion of the court, and when the judgment is reversed and a new trial ordered, the court may in its discretion direct that costs of the prevailing party shall abide the result of the action. When in the opinion of the supreme court a brief of the prevailing party shall be unnecessarily long, or improper in substance, the court may in its discretion order the disallowance as costs of any part or the whole of the disbursements for printing the same."

"§ 7009. No prisoner or person under recognizance who shall be acquitted by verdict or discharged because no indictment is found against him, or for want of prosecution, shall be liable for any costs or fees of any officer, or for any charge of subsistence while he was in custody, but in every such case the fees of the defendant's witnesses, and of the officers for services rendered at the request of the defendant, and charges for subsistence of the defendant while in custody, shall be taxed and paid as other costs and charges in such cases."

Also, the fee bill of 1903, which requires all appellants, in criminal as well as in civil cases (excepting only the state, a municipal corporation, or a public officer prosecuting or defending on behalf of such state or municipal corporation), to advance certain fees in order to perfect an appeal.

While these statutes are not so clear upon the question in dispute as we would have been glad to have found them, yet

we think they reasonably tend to support the claim that costs and disbursements expended in perfecting an appeal in a criminal action, where the appellant is successful, are taxable against the state. Moreover, nearly all of the sections cited have been upon the statute books since early statehood, and the uniform construction put upon them by the clerks of this court has been to the effect that they authorized the taxation of costs against the state where a defendant in a criminal action on an appeal procured a reversal of a judgment entered against him. This uniform and long continued construction by these officers, while not sufficient to overturn positive law to the contrary, ought to have great weight on a doubtful statute, and especially so, where the legislature, which alone has power to say whether such costs shall or shall not be taxed, has long acquiesced in that construction.

We conclude the costs were properly taxed, and the cost bill excepted to will stand approved.