[No. 10394.  Department Two.  October 30, 1912.]

PIERCE COUNTY, *Appellant*, v. LIZZIE MAGNUSON, *Respondent*.[1]

COSTS—LIABILITY OF COUNTY—JUVENILE COURTS—INFANTS—PROCEEDINGS. There is no power to award costs against a county, upon dismissing proceedings before the juvenile court against a delinquent child and her parent, in the absence of any express statutory authority therefor, whether the proceeding be civil or criminal in its nature.

INFANTS—DELINQUENT CHILDREN—PROCEEDINGS—COSTS—RIGHT TO. Costs cannot be allowed in a proceeding against a delinquent child and her parent contributing to the delinquency, entitled "In re the welfare of R;" as they are not authorized by Rem. & Bal. Code,

[1]Reported in 127 Pac. 302.

§ 491, authorizing costs in all actions prosecuted in the name and for the use of the state or county; nor by virtue of Id., § 2225, authorizing costs in proceedings before a committing magistrate; nor by the statutes giving every person accused of crime the right to the compulsory attendance of witnesses.

Appeal from an order of the superior court for Pierce county, Clifford, J., entered March 29, 1912, in favor of the defendant, awarding costs, as against a county, in proceedings before the juvenile court. Reversed.

*J. L. McMurray* and *A. O. Burmeister*, for appellant.
*Frank H. Kelley*, for respondent.

MORRIS, J.—This appeal presents the liability of counties for costs in proceedings before the juvenile court, and arises out of these facts: A complaint was filed in the juvenile court of Pierce county, charging Marjorie Rieman with being a delinquent child, and respondent, the mother of the child, with contributing to such delinquency. Respondent appeared and demanded a jury trial, which was granted, resulting in a finding that the charges were not sustained, and that respondent was a proper and suitable person to have the custody of the child, and awarding her costs. Respondent filed her cost bill, and on March 23, 1912, the court made an order allowing the fees of her witnesses as against the county, and directing the county auditor to issue warrants in payment of such costs. From this order, the county appealed.

The juvenile court act, chapter 190, Laws of 1909, page 668 (Rem. & Bal. Code, § 1987), makes no provision for the awarding or payment of costs, except the provision authorizing the publication of notice when the person standing in the position of natural or legal guardian of the person of the alleged delinquent child is a nonresident, or the whereabouts of such person is unknown. In cases of such publication of notice, it is provided that the cost of such publication shall be paid by the county. Another section provides for the payment by the county of salaries to probation officers. Other-

wise the act is silent on the question of fees and costs. The awarding and payment of costs is purely a matter of statutory regulation. The recovery of costs was unknown to the common law, and no provision could be made for their payment except as expressly authorized by statute. This rule has been one of such universal application that it has become the settled doctrine of the courts that costs are the creature of statute merely, and that the allowance of them in any case would depend entirely upon the terms of some statute. It has also been held that there is no inherent power in the courts to award costs, and that they can be granted in any case or proceeding solely by virtue of express statutory authority. 5 Ency. Plead. & Prac., 110. In *Coggill v. Lawrence*, 2 Blatchf. (U. S.) 304, it was held that neither party can recover costs upon any equity in the case; nor does the court possess authority to award them as an incident of its power over the parties or the subject-matter of the litigation. In *Commonwealth v. Buccieri*, 153 Pa. St. 570, 26 Atl. 245, the accused, being in extreme poverty, asked the court for an order on the county to pay costs on his appeal. The court, in denying the motion, said:

"To justify such an order, we should be able to point to a statute authorizing it; for if there be no 'thus saith the law,' we are powerless to grant the relief prayed for."

Counsel for respondent contends that the proceeding in the juvenile court is criminal in its nature, and for this reason costs should follow as in other criminal cases. But he cites no statute which, by its terms or necessary implication, would include these items. The doctrine that costs cannot be awarded except as provided by statute applies to criminal as well as civil cases. In this respect the character of the proceeding creates no distinction. In *State v. Blackburn*, 61 Ark. 407, 33 S. W. 529, where it was sought to charge the county with costs in a bastardy proceeding, the court, after laying down the rule that the liability of counties for costs

in criminal prosecutions rests alone on the statute, concludes by saying:

"Our conclusion is that no one is bound for costs, unless rendered so by some positive provision of law, or as a necessary implication from provision of law, and that neither the state nor the county is bound even by legal provisions, unless it is specifically or by necessary implication named or referred to therein."

This rule is supported by the following cases, and seems to be generally accepted as the true rule: *State ex rel. Pollard v. Brewer*, 59 Ala. 134; *Board of Comrs. of Larimer County v. Lee*, 3 Colo. App. 177, 32 Pac. 841; *Peters v. State*, 9 Ga. 109; *Donnelly v. County of Johnson*, 7 Iowa 419; *Moore v. People*, 37 Ill. App. 641; *State v. Campbell*, 19 Kan. 481; *Booth v. McQueen*, 1 Dougl. (Mich.) 41; *State ex rel. Howser v. Oliver*, 116 Mo. 188, 22 S. W. 637; *State v. Walsh*, 44 N. J. L. 470; *People ex rel. New York Society etc. v. Gilmore*, 88 N. Y. 626; *Noyes v. State*, 46 Wis. 250, 1 N. W. 1, 32 Am. Rep. 710. The rule has been followed in our own cases. In *State ex rel. Rochford v. Superior Court*, 4 Wash. 30, 29 Pac. 764, an attempt was made to charge a county with the expense of stenographic notes of the testimony. In denying the claim, the court said:

"A county is a somewhat peculiar institution, against which claims are not enforced unless they are warranted by some plain provision of law."

In *Presby v. Klickitat County*, 5 Wash. 329, 31 Pac. 876, the court, in denying compensation to an attorney appointed to defend one charged with crime, uses this language:

"We cannot yield our assent to the doctrine that an appointment by the courts, and the rendering of services in accordance therewith, raise a legal obligation, which fixes a liability upon the county to pay for the services thus rendered. Neither can we perceive any special force in the suggestion that the county where the trial is had, or of which the accused may be a resident, is liable because it is charged with the expense of the arrest, imprisonment and trial of all

persons accused of crime. Why is the county liable for these
expenses? The answer is, simply because the statute so pro-
vides."

In *State v. Rutledge*, 40 Wash. 9, 82 Pac. 126, it is said:

"It may be conceded that the state, in the absence of a
statute so providing, is never liable for costs in a criminal
action, whether the defendant be acquitted or convicted."

Other cases supporting this rule are *Stowe v. State*, 2 Wash.
124, 25 Pac. 1085; *State ex rel. Langhorne v. Superior
Court*, 32 Wash. 80, 72 Pac. 1027.

It is immaterial, then, whether proceedings in the juvenile
court are or are not of a criminal nature, if, as indicated by
the above authorities, costs can only be awarded under ex-
press statutory provision. There being no provision in the
act creating the juvenile court for the awarding of costs
against the county, the authority to do so, if it exists, must
be found in some other statutory provision. Section 491,
Rem. & Bal. Code, the general provision under which costs
are awarded in cases in which the state or county is a party,
provides that:

"In all actions prosecuted in the name and for the use of
the state, or in the name and for the use of any county, the
state or county shall be liable for costs in the same case and
to the same extent as private parties."

This section has evidently no application, except in cases
where the state or county is a party litigant, to either a civil
or criminal proceeding. In the proceedings in the juvenile
court, the county is not a party. It neither prosecutes nor
defends. It has no interest in the outcome of the proceeding
except that general interest which the state has in the wel-
fare of its citizens, which might be sufficient to induce the
law-makers of the state to say the public will subject itself
to costs; but until there is such an enactment, this statute
must be interpreted in the light of its plain intent. Section
508, Rem. & Bal. Code, provides that each county shall be
liable to pay the per diem and mileage of jurors and the fees

of sheriffs for maintaining persons charged with crime. This is a special statute and cannot be extended beyond its language. Section 2225 is another special statute, which provides that, when any person shall be brought before a justice of the peace or other committing magistrate charged with the commission of a crime or misdemeanor, and such complaint upon examination shall appear to be unfounded, the costs shall be chargeable to the county, city, or town for or in which the complaint is triable. This section has no application. Its provisions, together with those of §§ 1942 and 1954, containing similar provisions, apply only to cases of examinations before committing magistrates. *Ilwaco v. Miller*, 8 Wash. 449, 36 Pac. 269. The proceedings in the court below were entitled: "In re the welfare of Marjorie Rieman," the county in no wise being suggested as a party.

We have other statutes providing, in effect, that every person accused of crime shall be entitled to the compulsory attendance of witnesses necessary for a proper defense. These statutes are of no assistance to respondent, as she is not in this proceeding charged with the commission of any crime. The language of the complaint, so far as it is directed against her, is to the effect that she "is not a proper person to have the custody of this child." This may be a serious delinquency on the part of a parent, but it is not a crime, and to so charge is not to accuse one of the commission of a crime, so that respondent cannot place her right to costs upon any statutory provision providing for compulsory attendance of witnesses in behalf of those accused of crime.

Finding no provision in the act itself which makes the county liable for these costs, nor any general statute under which such a liability can be sustained, we are of the opinion that the order appealed from is without authority of law, and the judgment is reversed.

MOUNT, C. J., FULLERTON, ELLIS, and MAIN, JJ., concur.