[No. 22456. Department One. November 18, 1930.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE T. CROCKETT, *Appellant*.[1]

[1]Reported in 293 Pac. 287.

*Wright & Catlett,* for appellant.
*James W. Bryan,* for respondent.

PARKER, J.—The defendant, Crockett, was in the superior court for Kitsap county convicted of the offense of having in his possession intoxicating liquor with intent to sell the same. He thereupon gave notice of appeal to this court, and caused to be brought here so much of the record of the case in the superior court as his counsel deemed necessary. The prosecuting attorney moved to dismiss the appeal; which motion, after being somewhat elaborately briefed and argued by respective counsel, was by this court granted. See *State v. Crockett,* 158 Wash. 152, 290 Pac. 873.

Thereafter the prosecuting attorney served upon counsel for appellant a cost bill, claiming the awarding of costs in favor of the state and against appellant as in civil cases on appeal. Our clerk thereupon taxed costs against appellant, as claimed by the prosecuting attorney, less a small deduction. Counsel for appellant then excepted to the clerk's taxation of any costs against him, insisting that there is no authority in law for the awarding of any costs against an unsuccessful appellant incident to the disposition of his appeal to this court in a criminal case. Appellant's exceptions were then duly brought on for hearing and disposition by the court.

Counsel for appellant invoked the general rule that costs are purely statutory, and allowable to a successful, against an unsuccessful, litigant only by virtue of some statutory authority, as has been held by this court in *Eggerth v. Spokane,* 91 Wash. 221, 157 Pac. 859, and a number of its prior decisions therein cited; and contends that there is not to be found in our statutory law any warrant for the taxation of costs in this court as here claimed by the prosecuting at-

torney. A reading of our several statutory provisions relating to costs taxable against unsuccessful litigants does seem to furnish some ground for this contention.

We think, however, the question has been, in effect, set at rest by the decision of this court in *State v. Rutledge*, 40 Wash. 9, 82 Pac. 126. In that case the appellant was convicted of a crime. He appealed to this court and the judgment was reversed. In perfecting his appeal, he incurred items of expense taxable as costs in prosecuting appeals as in civil cases. These items were, at his instance, taxed by the clerk in his favor and against the state. This was excepted to by counsel for the state, and the question of his right to such costs submitted to the court. The court, after quoting in its opinion several sections of our statutes relating to costs in both civil and criminal cases, including § 5182, Bal. Code, now §491, Rem. Comp. Stat., and § 6528, Bal. Code, now § 1744, Rem. Comp. Stat., which two sections apparently were principally relied upon as decisive of appellant Rutledge's right to costs, said:

"While these statutes are not so clear upon the question in dispute as we would have been glad to have found them, yet we think they reasonably tend to support the claim that costs and disbursements expended in perfecting an appeal in a criminal action, where the appellant is successful, are taxable against the state. Moreover, nearly all of the sections cited have been upon the statute books since early statehood, and the uniform construction put upon them by the clerks of this court has been to the effect that they authorized the taxation of costs against the state where a defendant in a criminal action on an appeal procured a reversal of a judgment entered against him. This uniform and long continued construction by these officers, while not sufficient to overturn positive law to the contrary, ought to have great weight on a doubtful statute, and especially so, where the legislature, which alone has

power to say whether such costs shall or shall not be taxed, has long acquiesced in that construction. We conclude the costs were properly taxed, . . ."

While that decision was with special reference to the taxable costs right of a successful defendant appellant in a criminal case, the statutes therein noticed, we think, evidence equal legislative authority for taxing costs against an appellant in favor of the state when it becomes the successful litigant upon such an appeal. It follows, we think, that the state's right to taxable costs against this appellant in this court must be upheld. The early case of *State ex rel. News Publishing Co. v. Milligan,* 4 Wash. 29, 29 Pac. 763, lends support to our conclusion here reached, though in that case it seems to have been assumed, rather than decided as a controverted question, that a successful appellant, on being awarded reversal of a fine for criminal contempt adjudged against him by the superior court, was entitled to his costs, as a public charge, incurred upon his appeal; the real question being as to whether or not his costs were taxable against the complainant initiating the contempt proceedings or against the public. It was held that they were taxable against the county as a public charge.

██ Contention is made that in any event no costs should be taxed against this appellant, because there was no timely serving upon his counsel or filing of the cost bill by the prosecuting attorney. It does appear that the serving and filing of this cost bill both occurred a few days after the time limit following the filing of our decision dismissing the appeal, prescribed by Rule XIV; see 124 Wash., p. li. However, it fairly appears from the record before us that the amount of costs awarded to the state against appellant was for allowance of items each in no greater amount than were allowable even without the filing of a cost bill; that

rule providing that certain items of statutory taxable costs may be taxed without the serving or filing of a cost bill, when the record of the case furnishes sufficient data for determining the allowable amounts.

We conclude that the clerk's taxation of costs must be sustained. It is so ordered.

MITCHELL, C. J., MAIN, TOLMAN, and HOLCOMB, JJ., concur.