

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable Ben J. Dean
District Attorney
Breckenridge, Texas

Dear Sir:

Opinion No. Q-5786
Re: If a child is adjudged
to be a delinquent child,
against whom should the
costs be adjudged?

Your recent letter requests an opinion of this department on the following questions:

"1. If a child is adjudged to be a delinquent child, should the costs be adjudged against the child?

"2. If the child has no property out of which the costs could be made, should the costs be adjudged against the party filing the petition?

"3. Are the Clerk and the Court Reporter entitled to collect from the minor for a transcript of the record and statement of facts in the event of an appeal in the absence of a pauper's oath."

Our examination of the Juvenile Delinquency Act, Acts of the 48th Legislature (1943), page 313; Article 2338-1, of Vernon's Civil Statutes, 1925, as amended, discloses no provision in the Act dealing with costs where a child is adjudged a delinquent child. The Act does not contain any provision for the awarding or payment of costs. Delinquency proceedings under the statute are not criminal prosecutions -- it is a civil procedure and appeals are to the Court of Civil Appeals and to the Supreme Court.

The Rules of Practice and Procedure in Civil Actions promulgated by the Supreme Court of the State are not applicable in delinquency proceedings. Rule 2 in part provides:

"These rules shall govern procedure in the
justice, county, district and appellate courts
of the State of Texas in all actions of a civil
nature, . . ."

Now, the Juvenile Act sets up and establishes a
new and distinct court, naming this court the Juvenile Court;
and provides that such court be established in each county
of the State and that it be a court of record, "having such
jurisdiction as may be necessary to carry out the provisions
of this Act." (Article 2338-1, Section 4).

In In Re Dendy (1943), 175 S. W. (2d) 297, the
Amarillo Court of Civil Appeals at page 302, said:

"The Act sets up a complete jurisdiction
and procedure for the hearing of juvenile delin-
quency cases and there is no other law, civil or
criminal, togovern such cases and situations as
defined by the Act and placed within the exclu-
sive jurisdiction of the juvenile court provided
for in this Act. Nowhere does the Act provide
that either criminal or civil procedure shall be
followed."

Now, Section 21 of the Juvenile Act provides that:

"An appeal may be taken by any party ag-
grieved to the Court of Civil Appeals, and the
case may be carried to the Supreme Court by writ
of error or upon certificate, as in other civil
cases. Written notice of appeal shall be filed
with the Juvenile Court within five (5) days af-
ter the entering of the order . . .(and in event
of adverse judgment) the appellate court may pro-
vide for a recognizance bond." (Underscoring
ours)

The right to costs as of course is purely statu-
tory. Costs can be imposed and recovered only in cases where
there is statutory authority therefor. Costs, 11 Texas Jur-
isprudence, 228, para. 2, note 17; Costs, 20 Corpus Juris
Secundum, page 260, para. 2, note 34; U. S. Casualty Company
vs. Hampton, (C.A.) 293 S. W. 260.

Honorable Ben J. Dean, page 3

Security for costs must be given in causes or proceedings falling within the requirement of controlling statutes, but they need not be given in causes or proceedings beyond the scope of such mandatory requirements, and under some provisions the matter will rest in the sound discretion of the court. Costs, 20 C. J. S., 364, para. 126.

It has been held that in the absence of a statutory provision costs cannot be awarded in a proceeding in the juvenile courts; Juvenile Courts and Offenders, 71 Am. Jur., 808, para. 45, note 9; Infants, 31 C. J. 1110, para. 24, note 39.

In an annotation on "What is an action within the statutes requiring security for costs," 131 A. L. R. 1476, there is cited Koble vs. People (1877), 85 Ill. 336, wherein it was held that a statute requiring of non-residents a bond for costs was not applicable in bastardy proceedings by the mother against the putative father to compel him to bear part of the burden of the support of the child.

In the case of Pierce County vs. Magnuson, (1912) 70 Wash. 639, 127 Pac. 302, Ann. Cas. 1914b, page 889, the Supreme Court of Washington, in discussing the question of costs under the Juvenile Court Act of that state, said:

"The juvenile court act makes no provision for the awarding or payment of costs, except the provision authorizing the publication of notice when the person standing in the position of natural or legal guardian of the person of the alleged delinquent child is a non-resident, or the whereabouts of such person is unknown. In cases of such publication of notice, it is provided that the cost of such publication shall be paid by the county. Another section provides for the payment by the county of salaries to probation officers. Otherwise the act is silent on the question of fees and costs. The awarding and payment of costs is purely a matter of statutory regulation. The recovery of costs was unknown to the common law, and no provision could be made for their payment, except as expressly authorized

Honorable Ben J. Dean, page 4

by statute.  This rule has been one of such universal application that it has become the simple doctrine of the court that costs are the creature of statutes merely, and that the allowance of them in any case would depend entirely upon the terms of some statute.  It has also been held that there is no inherent power in the court to award costs, and that they can be granted in any case or proceeding solely by virtue of express statutory authority."

Continuing, the Supreme Court of the State of Washington, said:

"The doctrine that costs cannot be awarded except as provided by statute, applies to criminal as well as civil cases.  In this respect the character of the proceedings creates no distinction.  In State v. Blackburn, 61 Ark. 407, 33 S. W. 529, where it was sought to charge the county with costs in a bastardy proceeding, the court, after laying down the rules that the liability of county for costs in criminal prosecutions rest alone on the statute, concludes by saying:  'Our conclusion is that no one is bound for costs, unless rendered so by some positive provision of law, or as a necessary implication from provision of law; and that neither the state nor the county is bound even by legal provisions, unless it is specifically or by necessary implication named or referred to therein.'  This rule is supported by the following cases, and seems to be generally accepted as a true rule: . ..."
(The court here cited numerous supporting decisions.)

With further reference to the Dendy case, by the Amarillo Court of Civil Appeals, it will be noted that the Supreme Court on January 12, 1944, granted a writ of error in the case "on construction of the Act."  It is set for submission for February 2, 1944.

We wish to again refer to Section 21, Article 2338-1, wherein the Juvenile Delinquency Act provides that:

Honorable Ben J. Dean, page 5

> "An appeal may be taken by any party ag-
> grieved to the Court of Civil Appeals and the
> case may be carried to the Supreme Court --, as
> in other civil cases." (Underscoring ours)

Though the Juvenile Delinquency Act set up a com-
plete procedure for the hearing of juvenile delinquency cases
in the trial court, i. e., in the juvenile court of the coun-
ty; yet, when the case is appealed to the Appellate court then
the rules and the procedural law provided for the appellate
courts prevail (except as to the giving of a bond, unless a
recognizance bond be requested); as Section 21 of the Act pro-
vides for an appeal "as in other civil cases." Thus, when
a case is appealed then insofar as the appellate procedure
is concerned, the Rules of Practice and Procedure in Civil
Actions promulgated by the Supreme Court as well as the per-
tinent statutory provisions prevail.

Rule 355 provides for an appeal by a party unable
to give a cost bond and unless the aggrieved party complies
with Rule 355 and files his pauper's affidavit, then he can
perfect his appeal solely in the manner provided for "as in
other civil cases."

To the first question we answer, "No."

To the second question we answer, "No."

To the third question we answer as follows:

(a) That the district clerk is not entitled to de-
mand payment of fees as a condition precedent to delivery of
transcript for transmission to Appellate Court.

(b) That the court reporter has a right to require
payment of fees as a condition precedent to the delivery of
transcript of evidence or statement of facts for transmis-
sion to the Appellate Court, where an appeal is not perfect-
ed in forma pauperis.

The case of Maxfield v. The Pure Oil Company (1934),
74 S. W. (2d) 145, by the Dallas Court of Civil Appeals, is
our authority for our answers to the third question. And, in
Fry v. Henrietta Independent School District (1936), 98 S. W.

Honorable Ben J. Dean, page 6

(2d) 245, the Fort Worth Court of Civil Appeals held: "that the administrator must pay for the transcript of the evidence regardless of the fact that he is not required to give a bond on appeal."

The present rules of civil procedure do not conflict with the authorities cited. These rules, though superseding the statutes are taken practically unchanged from the pertinent statutes. Rule 378 provides for an agreed statement of the case and of the facts proven and Rule 380 provides for a free statement of facts on appeal for paupers. As hereinabove stated, these rules do not alter the authorities above cited for the Rules in this instance did not change the statute upon which these authorities were based.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By David Wuntch
Assistant

DW:db