[No. 43286.   En Banc.   January 10, 1975.]

THURSTON COUNTY, *Petitioner*, PIERCE COUNTY *et al*, *Intervenors*, v. SLADE GORTON *et al*, *Respondents*.

*Smith Troy, Prosecuting Attorney*, and *Kenneth D. Beyer*, Deputy, for petitioner.

*Ronald L. Hendry, Prosecuting Attorney* for Pierce County, *Joseph D. Mladinov, Special Counsel, Paul A. Klasen, Prosecuting Attorney* for Grant County, and *Donald C. Brockett, Prosecuting Attorney* for Spokane County, for intervenors.

*Slade Gorton, Attorney General,* and *Jeffrey O. C. Lane, Assistant,* for respondents.

WRIGHT, J.—Thurston County is seeking a writ of mandamus to compel certain state officials to reimburse the County for filing fees and costs of service of process incurred by the County in connection with 11 habitual traffic offender cases filed by the Thurston County Prosecuting Attorney. In addition to reimbursement, the County seeks an order directing the respondent agencies to pay all filing and service of process costs generated by future habitual traffic offender actions. The sole issue for our determination is whether the costs of an action brought under the Washington Habitual Traffic Offenders Act (Laws of 1971, 1st Ex. Sess., ch. 284) are governed by RCW 4.84.170. We answer in the affirmative and order that the writ of mandamus be issued to named respondents.

■ Costs against the state cannot be awarded unless there is specific statutory authorization. *Washington Recorder Publishing Co. v. Ernst,* 1 Wn.2d 545, 97 P.2d 116 (1939); *State ex rel. Carroll v. Gatter,* 43 Wn.2d 153, 260 P.2d 360 (1953); *State ex rel. Lemon v. Coffin,* 52 Wn.2d 894, 327 P.2d 741 (1958); *Commercial Waterway Dist. v. State,* 50 Wn.2d 335, 311 P.2d 680 (1957).

The legislature, in enacting RCW 4.84.170, has made provisions for awarding costs against the State and County for:

> [A]ll actions prosecuted in the name and for the use of the state, or in the name and for the use of any county, and in any action brought against the state or any county, and on all appeals to the supreme court or the court of appeals of the state in all actions brought by or against either the state or any county, the state or county shall be liable for costs in the same case and to the same extent as private parties.

RCW 4.84.170 has been the law in this state and before statehood, in Washington Territory, since 1854 when it was enacted as a part of the original code of civil procedure. There have been, from time to time, minor amendments.

The most recent was in 1971 when the section was amended to add the words "court of appeals," and otherwise the section was reenacted verbatim.

RCW 4.84.170 was construed by this court in *State ex rel. Hamilton v. Ayer*, 194 Wash. 165, 77 P.2d 610 (1938) which held the State is liable to pay a filing fee to Thurston County upon commencing a civil action in the superior court of said county. The court therein said, in part, at page 168:

> Rem. Rev. Stat., § 491, expressly places the state in the same position as private litigants in so far as its liability for costs and filing fees payable to the clerk of the superior court is concerned, except as otherwise provided by statute.

■ The language in RCW 4.84.170 is in the conjunctive and in order to find costs chargeable against the State, an action brought under RCW 46.65 must (1) be brought in the name of the State, and (2) be brought for the use of the State. In actions brought pursuant to RCW 46.65, both requirements are met. First, when such actions are filed, the name of the State physically appears on the complaint as party plaintiff (RCW 46.65.040) and also appears on the show cause order (RCW 46.65.050). Second, such actions are designed primarily for the State's use. The Washington Habitual Traffic Offenders Act was enacted into law and is intended by the legislature to be used by the State as a tool to (a) secure state highways from motorist abuse, and (b) to protect people or goods moving in commerce upon those highways. RCW 46.65.010 expressly declares that it is the policy of the State, in enacting the act

> (1) To provide maximum safety for all persons who travel or otherwise use the public highways of this state; and

> (2) To deny the privilege of operating motor vehicles on such highways to persons who by their conduct and record have demonstrated their indifference for the safety and welfare of others and their disrespect for the laws of the state, the orders of her courts and the statutorily required acts of her administrative agencies; and

(3) To discourage repetition of criminal acts by individuals against the peace and dignity of the state and her political subdivisions and to impose increased and added deprivation of the privilege to operate motor vehicles upon habitual offenders who have been convicted repeatedly of violations of traffic laws.

Furthermore, the State has preempted the field of licensing of motor vehicles and motor vehicle drivers by RCW 46.08.010. By that section all political subdivisions and municipalities are prohibited from issuing such licenses.

In *Bellingham v. Schampera*, 57 Wn.2d 106, 356 P.2d 292, 92 A.L.R.2d 192 (1960), it was held the preemption contained in RCW 46.08.010 includes a preemption of the power to suspend the license of a motor vehicle driver.

Since Thurston County is a political subdivision of the State of Washington, the County would have no power to suspend the license of a driver. The provisions of RCW 46.65 do not contemplate the County will revoke or suspend the license. A copy of the order of the superior court is required to be sent to the Department of Motor Vehicles and the department revokes. RCW 46.65.060.

The fact that the complaint is filed by the County's prosecuting attorney pursuant to RCW 46.65.040 does not by any means change the action from a State action to a County action for purposes of RCW 4.84.170. First of all, the two requirements found in RCW 4.84.170 are not present so as to make the County the true complaining party. The only nexus the County really has in the action is that the matter is heard in a county courthouse. Second, the prosecuting attorney is the agent of the State in such actions and not the agent of the County. The prosecutor acts at the behest of the director of the Department of Motor Vehicles, has no discretion, and merely serves as an alter ego of that state agency. RCW 46.65.030. RCW 46.65.040 uses the mandatory word "shall" and provides that:

The prosecuting attorney upon receiving the aforesaid transcripts or abstracts from the director *shall* forthwith file a complaint against the person named therein as

being an habitual offender in the superior court in the political subdivision in which such person resides. In the event such person is a nonresident of this state, the attorney general of the state of Washington shall file such complaint against the accused person in Thurston county superior court.

(Italics ours.)

Even apart from RCW 46.65.040, the prosecutor must conceptually be treated as an agent of the State and not the County. RCW 36.27.020 provides:

The prosecuting attorney shall:

. . .

(3) Appear for and represent the state, county, and all school districts subject to the supervisory control and direction of the attorney general in all criminal and civil proceedings in which the state or his county or any school district in his county may be a party;

(4) Prosecute all criminal and civil actions in which the state or his county may be a party, defend all suits brought against the state or his county, and prosecute actions upon forfeited recognizances and bonds and actions for the recovery of debts, fines, penalties, and forfeitures accruing to the state or his county;

Cf. *State v. Huson*, 73 Wn.2d 660, 440 P.2d 192 (1968).

As already mentioned, the State, in habitual traffic offender actions, is the real party in interest. When the prosecutor files the complaint for such actions, he or she really does so on behalf of the State. RCW 36.18.020 provides in part:

Clerks of superior courts shall collect the following fees for their official services:

(1) The party filing the first or initial paper in any civil action, including an action for restitution, or change of name, shall pay, at the time said paper is filed, a fee of thirty-two dollars.

If there can be said to be an agency relationship between the prosecutor and the State, then, for purposes of RCW 36.18.020, the State should be considered to be "[t]he party filing the first or initial paper in any civil action." In *State*

*v. Scheffel*, 82 Wn.2d 872, 514 P.2d 1052 (1973), it was expressly held that license revocation under RCW 46.65 constituted a civil and not a criminal action. Combining RCW 36.18.020 with RCW 36.27.020, we reach the conclusion that there is statutory authority even aside from RCW 4.84.170 which dictates that the State should bear the expense of filing the complaint in actions brought under RCW 46.65.

■ The argument is made on behalf of respondents that RCW 46.65 contains no provision for the State to pay costs in a proceeding brought under the authority of that chapter, and the general rule stated above is that the State will not be liable for costs unless provided by law. That argument, however, overlooks RCW 4.84.170 and *State ex rel. Hamilton v. Ayer, supra.* The legislature is presumed to enact laws with full knowledge of existing laws. *State v. Thornbury*, 190 Wash. 549, 69 P.2d 815 (1937); *State v. Roth*, 78 Wn.2d 711, 479 P.2d 55 (1971); *Ropo, Inc. v. Seattle*, 67 Wn.2d 574, 409 P.2d 148 (1965).

The legislature is likewise presumed to know the construction placed upon RCW 4.84.170 by this court in *State ex rel. Hamilton v. Ayer, supra. El Coba Co. Dorm., Inc. v. Franklin County PUD*, 82 Wn.2d 858, 514 P.2d 524 (1973); *Miller v. Paul Revere Life Ins. Co.*, 81 Wn.2d 302, 501 P.2d 1063 (1972).

There was no reason for the legislature to specifically mention the payment of filing fee in view of the existing general law on the subject.

As a final matter, we wish to note the similarity between this case and the case of *State ex rel. Carroll v. Gatter*, 43 Wn.2d 153, 260 P.2d 360 (1953). In *Gatter*, it was held that costs incurred by defendant in defending a nuisance action were to be awarded the defendants by the State. The pertinent statutes in *Gatter* were Rem. Rev. Stat., § 491 (*cf.* RCW 4.84.170) which provided in part:

"In all actions prosecuted in the name and for the use

of the state, . . . the state . . . shall be liable for costs . . . to the same extent as private parties."

and Rem. Rev. Stat., § 946-2 (*cf.* RCW 7.48.060) which provided in part:

"Whenever a nuisance exists, as defined in this act, the prosecuting attorney . . . may maintain an action in equity in the name of the state . . . upon the relation of such prosecuting attorney . . .

In *Gatter* the court, in awarding costs against the State, stated at page 161:

This action was commenced by the prosecuting attorney in accordance with the provisions of the above quoted statute. It was maintained in the name of the state. It likewise was for the use of the state. The assignment of error is without merit.

In a very real sense, RCW 46.65.050 can be considered the same type of nuisance preventive statute as was the statute in *Gatter*. The only difference in *Gatter* is that the State purpose served in that case was the removal of "houses of lewdness, assignation and prostitution" while in the instant case, the State purpose is accomplished in removing habitual law violating motorists from state highways. If this court found it proper in *Gatter* to assess costs against the State on grounds that it was the true beneficiary of the action brought by the prosecutor, then the same considerations lead this court to do likewise here, on the grounds that the State is the beneficiary (both in name and substance) of the license revocation procedures under RCW 46.65.050.

It is hereby ordered that the writ of mandamus be issued to named respondents.

HALE, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, STAFFORD, UTTER, and BRACHTENBACH, JJ., concur.