[No. 6027-2-II.   Division Two.   August 20, 1982.]

THE STATE OF WASHINGTON, *Respondent*, v. PATRICK
AGREN, *Defendant*, CLALLAM COUNTY,
*Appellant*.

*David Bruneau, Prosecuting Attorney,* and *John F.
Hayden, Deputy,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Robert
F. Hauth, Assistant,* for respondent.

PETRICH, J.—In this appeal we are asked to decide
whether it is the County or State which must pay a suc-
cessful nonindigent criminal defendant's costs incurred on
appeal.[1] We hold the County and not the State is liable

---

[1] The characterization of the issue as being one between the State as a sepa-

and therefore affirm the trial court.

This court reversed Patrick Agren's criminal conviction originating from Clallam County in *State v. Agren,* 28 Wn. App. 1, 622 P.2d 388 (1980) and determined that Agren, who was represented by private counsel, was the prevailing party. Costs were taxed against "the respondent State of Washington" for certain items allowed by RAP 14.3. The County and the State refused payment, each taking the position the other was responsible for the cost bill. Thereafter, Agren obtained an order from the Clallam County Superior Court directing the County to pay the costs. Clallam County appeals this order.

The County does not dispute that Agren, a prevailing party, is entitled to costs on appeal. *See* RAP 14.2; *State v. Rutledge,* 40 Wash. 9, 82 P. 126 (1905). The County's position is that because the criminal action against Agren was brought in the name and for the use of the State, the State is liable for costs. The County relies on RCW 4.84.170, *State v. Rutledge, supra,* and *Thurston Cy. v. Gorton,* 85 Wn.2d 133, 530 P.2d 309 (1975). We do not agree.

[1, 2] Although it is the duty of the prosecutor to prosecute all criminal actions in which the State or County is a party, RCW 36.27.020(4), the general rule is that counties are burdened with the cost of administering the criminal laws within their boundaries and, in the absence of statutory authority, are not entitled to reimbursement from the State. *State v. Grimes,* 7 Wash. 445, 35 P. 361 (1893). The *Grimes* court noted that no costs would be allowable as reimbursement to a county but for Laws of 1883, p. 35, § 1 (amending Code of 1881, § 2107), now RCW 10.46.230.

Prior to 1883, the territory was required to reimburse the county for costs allowed by the trial court in every case of

rate entity from the County is somewhat misleading since a county is a subdivision of the state. The issue can be more accurately stated as: whether a criminal defendant who is awarded costs on appeal is entitled to be paid out of funds controlled by the auditor of the county or by funds controlled by the administrator for the courts. However, for convenience, this opinion casts the issue as being whether the State or the County is liable for costs to the defendant.

successful criminal prosecution. Code of 1881, § 2107. In 1883, this section was amended to limit payment of costs to those "allowable against the territory," which required an analysis of what was "allowable." Laws of 1883, p. 35, § 1. In 1979, the Legislature again amended this section, RCW 10.46.230, to its present status limiting the costs paid by the State to statutorily required witness fees when conviction of a felony is obtained even if the conviction is later reversed on appeal. Following the rationale of *State v. Grimes, supra,* since the Legislature has limited costs payable by the State to the single item specified in RCW 10.46.230, and since the county otherwise has the burden of the cost of administration of the criminal laws, clearly Clallam County and not the State is liable for the costs taxed in Agren's earlier appeal.

*State ex rel. News Pub'g Co. v. Milligan,* 4 Wash. 29, 29 P. 763 (1892) lends support to our holding. In *State ex rel. News Pub'g Co. v. Milligan, supra,* the court reviewed the taxing of costs in a contempt proceeding. In *State ex rel. News Pub'g Co. v. Milligan,* 3 Wash. 144, 28 P. 369 (1891), the court reversed a contempt citation and taxed costs in favor of the defendant. When later presented with the question of whether the private complainant or the State was liable for costs, the court held costs should not be taxed against the private complainant because only the State and the defendant were parties to the criminal contempt proceeding. The court went on to hold that costs should be taxed against the county, stating: "[I]t is true the case is brought in the name of the state, but so are all other criminal actions; and under the general law in relation to costs of this kind, where the defendant prevails, the county, and not the state, is responsible for the costs." *State ex rel. News Pub'g Co. v. Milligan,* 4 Wash. at 30.

The County relies on *State v. Rutledge, supra,* as authority for its position that costs are recoverable against the State as opposed to the County. In *Rutledge,* the court held that a defendant in a criminal case, successful on appeal, is entitled to costs which are taxable against the

State.

We do not read *Rutledge* to hold costs are recoverable against the State in contrast to the County. The import of the holding in *Rutledge* is that a defendant is entitled to recover costs. We interpret the reference to "state" as use of a generic term which would encompass the County, a political subdivision of the State. *Cf. State v. Durham,* 87 Wn.2d 206, 550 P.2d 685 (1976) (the court interpreted reference to the State in CrR 7.7(e)[2] as a generic reference and held claims for costs incident to an evidentiary hearing on the merits of a postconviction relief petition were reimbursable from the county where the petitioner is indigent).

As an alternative the County relies on *Thurston Cy. v. Gorton, supra,* contending a criminal action is brought in the name and for the use of the State and therefore the State is liable for costs. Again, we do not agree.

In order to tax costs against the State under our civil procedure statutes, specifically RCW 4.84.170, a 2–pronged test must be satisfied: the action must be brought in the name of the State, and brought for the use of the State. Here, similar to *Gorton* (addressing actions under the Washington Habitual Traffic Offenders Act, RCW 46.65), the action is in the name of the State. But, unlike *Gorton,* the action is not brought for the use of the State. The State has not preempted the field of enforcing the criminal code.

We conclude the County and not the State is liable for Agren's costs incurred in his earlier appeal.

Agren's request for attorney fees on this appeal is denied. No statutory or other authority authorizing attorney fees has been cited and he did not comply with RAP 18.1(c).

Affirmed.

REED, C.J., and PETRIE, J., concur.

---

[2]CrR 7.7 governed petitions for postconviction relief. Effective July 1, 1976, CrR 7.7 was superseded by RAP 16.3 through 16.15. CrR 7.7(e) provided:

"The petitioner may be represented by counsel at such hearing, and where the court finds that the petitioner is indigent, counsel shall be provided at the state's expense." 82 Wn.2d 1165 (1973).