[No. 18830–5–I. Division One. August 12, 1987.]

THE STATE OF WASHINGTON, *Respondent,* v. DEBBIE
SIZEMORE, *Appellant.*

*Donald J. Bisagna* and *Bisagna & Goddard,* for appellant.

*Michael E. Rickert, Prosecuting Attorney,* and *Daniel Pope, Deputy,* for respondent.

RINGOLD, A.C.J.—Debbie Sizemore, a juvenile, appeals the order granting revision which reversed an award of attorney fees to defense counsel. Finding no error, we affirm.

Sizemore was charged with no valid operator's license[1] (count 1), and hit and run of an attended vehicle (count 2), in violation of RCW 46.20.021 and RCW 46.52.020, respectively. At the beginning of the proceedings before the juvenile court commissioner, G. B. Mullen, the deputy prosecuting attorney moved for dismissal of count 2 due to evidentiary problems. After argument of counsel, the court dismissed both counts.

A week later, the commissioner heard Sizemore's argument regarding her request for statutory attorney fees or, alternatively, reasonable attorney fees, based on her allegations of prosecutorial bad faith. Commissioner Mullen granted statutory attorney fees in the amount of $125, pursuant to RCW 4.84.170. The commissioner also ruled that the record before him was insufficient to determine if the prosecutor's conduct constituted bad faith.

The State filed a motion and demand for revision from Commissioner Mullen's ruling. After considering the briefs and argument of counsel, Superior Court Judge Richard Pitt ruled that no statutory or equitable grounds existed which would support the award of attorney fees in this case and that the prosecutor did not act in bad faith. Sizemore appeals.

## BAD FAITH FILING OF CHARGES

Both Commissioner Mullen and Judge Pitt considered

---

[1]The information states this charge as being "No valid operator's license on Person", a traffic infraction, but the statute cited is for no valid operator's license, a misdemeanor. As Sizemore had never been issued a driver's license, the latter charge was warranted.

the allegations of prosecutorial bad faith.[2] Commissioner Mullen stated there was insufficient evidence in the record to determine if the deputy prosecutor[3] was "involved in bad faith in terms of charging or prosecuting this particular case." In his review de novo, Judge Pitt reviewed the record and ruled in his finding of fact 6: "That the conduct of the deputy prosecuting attorney was not in bad faith," explaining in his letter to counsel:

> I do not believe I can find that the State acted in bad faith as that is defined based solely on the record here. The Prosecuting Attorney may have misunderstood the elements of hit and run driving and there may have been other reasons, other than bad faith, why it wasn't dismissed earlier.

Sizemore now asks this court to find that the deputy prosecutor acted in bad faith. This we decline to do.

█ A trial court's finding of fact will not be disturbed on appeal if supported by substantial evidence. *Davis v. Department of Labor & Indus.*, 94 Wn.2d 119, 123, 615 P.2d 1279 (1980). It is not the function of an appellate court to substitute its judgment for that of the trial court or to weigh the evidence or the credibility of witnesses. *Davis*, at 124.

Bad faith is defined as "actual or constructive fraud" or a "neglect or refusal to fulfill some duty . . . not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive." Black's Law Dictionary 127 (5th ed. 1979). The record supports Judge Pitt's finding that no showing of bad faith was made. There is nothing in the record to indicate the deputy prosecutor had a sinister motive or interest other than professional in this matter. As the finding is substantiated by the record, we cannot disturb it.

---

[2]The references to bad faith seem to be based upon statutes providing for attorney fees when a complaint is "frivolous", RCW 10.46.210, 10.16.080, or to the prevailing party, RCW 4.84.010, .030, .170.

[3]Counsel on appeal did not represent respondent below.

ATTORNEY FEES TO THE PREVAILING PARTY
IN A JUVENILE OFFENSE PROCEEDING

 Judge Pitt reversed Commissioner Mullen's award of $125 in statutory attorney fees and refused to award attorney fees under any other rationale. Attorney fees may be awarded only when authorized by a private agreement, statute, or a recognized ground of equity. *Western Stud Welding v. Omark Indus., Inc.,* 43 Wn. App. 293, 716 P.2d 959 (1986). Sizemore contends that juvenile offense proceedings are civil in nature, citing RCW 13.40, the Juvenile Justice Act of 1977. Although the juvenile justice act decriminalized juvenile offenses, the stated purpose of the act is to protect citizens from criminal behavior and make the juvenile accountable for his criminal behavior. RCW 13.40.010(2)(a), (c).

Moreover, the Superior Court Criminal Rules apply to juvenile offense proceedings;[4] the civil rules do not.[5]

Sizemore contends that RCW 4.84.010 *et seq.* provides for the imposition of attorney fees in criminal proceedings. Chapter 4.84 entitled "Costs" is under the general Title 4 RCW, "Civil Procedure." These statutes do not apply to criminal proceedings.

In *State v. Twitchell,* 61 Wn.2d 403, 378 P.2d 444 (1963), the court approved the use of the procedure outlined in RCW 4.84.200 to fill the gaps in interpreting a criminal procedure statute; the court was not authorizing the carte blanche use of civil statutes in a criminal context. Likewise, in *Thurston Cy. v. Gorton,* 85 Wn.2d 133, 530 P.2d 309 (1975), the County sought a writ of mandamus to require state officials to reimburse the County for filing fees and

---

[4]JuCR 1.4(b) provides:

"**Criminal Rules.** The Superior Court Criminal Rules shall apply in juvenile offense proceedings when not inconsistent with these rules and applicable statutes."

[5]JuCR 1.4(a) provides:

"The Superior Court Civil Rules shall apply in proceedings *other than those involving a juvenile offense* when not inconsistent with these rules and applicable statutes." (Italics ours.)

costs of service of process in connection with the prosecution of traffic offense cases. Under RCW 4.84.170 the court held the State should reimburse the County for these costs. This statute does not authorize the payment of attorney fees.

Turning to the criminal procedure statutes, RCW 10.46-.210 allows a prevailing defendant to obtain costs against "the complainant" if the complaint "was frivolous or malicious". RCW 10.16.080 also limits the award of costs "against the party making the complaint" if "malicious, or without probable cause". *Colby v. Backus,* 19 Wash. 347, 53 P. 367 (1898); *Ilwaco v. Miller,* 8 Wash. 449, 36 P. 269 (1894). RAP 14.2 allows successful defendants in criminal cases on appeal to be awarded costs from the State. *State v. Rutledge,* 40 Wash. 9, 82 P. 126 (1905); *State v. Agren,* 32 Wn. App. 827, 650 P.2d 238, 660 P.2d 1145 (1982). No statutory authority exists for the award of attorney fees at trial. The charges in the case at bar were dismissed, but were not found to be frivolous.

■ Sizemore's argument for attorney fees on equitable grounds based upon her allegations of prosecutorial bad faith must also fail. Attorney fees awarded on equitable grounds must be based on cognizance of the action by equity. The claim here does not arise out of an equitable action. "[C]osts are the creature of statute"; there is "no inherent power in the courts to award costs" absent express statutory authority. *Pierce Cy. v. Magnuson,* 70 Wash. 639, 641, 127 P. 302 (1912).

We, therefore, affirm Judge Pitt's order.

WEBSTER, J., and WILLIAMS, J. Pro Tem., concur.

Review denied by Supreme Court November 4, 1987.