[No. 22792.   Department Two.   July 24, 1931.]

*In the Matter of the* WEST BARTON STREET SEWER, *Local Improvement District 4933, Under Ordinance No. 56584 of the City of Seattle.*[1]

*Edwin H. Flick* and *Herald A. O'Neill,* for appellants.

*A. C. Van Soelen, J. Ambler Newton,* and *Charles V. Hoard,* for respondent.

[1]Reported in 1 P. (2d) 858.

FULLERTON, J.—The respondent, the City of Seattle, has moved the court to dismiss this appeal, on the ground that it was not taken within the time prescribed by the statute governing appeals of this kind. Upon consideration of the motion, we conclude that it must be granted.

The appellants are the owners of property specially assessed by the city to pay the cost of a sewer improvement constructed under the provisions of ch. 98, Laws 1911, p. 441 (Rem. Comp. Stat., § 9352 *et seq.*) as amended by ch. 97, Laws 1929, p. 188. The appellants, feeling aggrieved at the assessments levied upon their several properties, appealed, or attempted to appeal, to the superior court for King county from the confirmation of the assessment roll by the city council. The right so to appeal is conferred by § 22 of the statute just mentioned (Rem. Comp. Stat., § 9374). The superior court dismissed the appeal as to one group of the appellants, because they had paid the assessments upon their properties before the hearing in that court, and as to the rest of the appellants, because they had failed, as the court found, to file their objections with the city council within the time required by the statute. The two groups were dismissed by separate orders, but both were signed and entered simultaneously, and, so far as concerns the appeal to this court, may be deemed one order or judgment. The date of the signing and entry was June 17, 1930. From this order, or judgment, the appellants, acting together, served and filed a notice of appeal on July 14, 1930, the 27th day after the entry of the order appealed from.

The right of appeal from the superior court to this court is not constitutional but statutory, being given by the same section of the statute, above cited, that gives the right of appeal from the city council to the superior court. In granting the right of appeal,

the statute annexes the proviso "that such appeal must be filed within fifteen days after the date of entry of the judgment" of the superior court. It is obvious, therefore, that the right of appeal was not asserted within the time prescribed for its assertion by the statute that created it.

This is a special statute, and appeals under it must be taken, as under any special statute, in conformity with its provisions. The general rule on appeals (Rule of Practice X, par. 1, 159 Wash. lxiv, Rem. 1927 Sup., §§ 308-10, par. 1), which simply modified the previous statutory general rule by shortening the time for appeals from final judgments from ninety to thirty days, has no application to appeals under the special statute invoked in this case or under any other special statute or rule. It is elementary that a general statute or rule, though subsequently enacted or promulgated, does not affect a special statute or rule. *Meade v. French,* 4 Wash. 11, 29 Pac. 833; *State ex rel. Sherman v. Benson,* 111 Wash. 124, 189 Pac. 1000.

The appellants having failed to exercise their right of appeal within the time limit imposed by the statute creating the right, this court is without jurisdiction to consider the merits of their appeal.

Appeal dismissed.

TOLMAN, C. J., MAIN, MILLARD, and BEELER, JJ., concur.