The state department of public service brought this action seeking injunctive relief, and also a writ of mandamus. The defendants were a number of railroad corporations doing business in this state. The injunctive relief was sought for the purpose of preventing the defendants from putting into effect a tariff schedule covering the matter of the movement of logs in carload lots, and for a writ of mandamus to compel them to adopt a tariff which had the approval of the department.
At the time the action was instituted, a temporary restraining order was issued. At the conclusion of a hearing on the merits, the court denied the injunctive relief and also denied a writ of mandamus. From this judgment, the department appealed.
The judgment from which the appeal was taken was signed and entered May 25, 1939. The notice of appeal was served upon the respondents June 19, *Page 665 
1939, and filed June 20, 1939. It thus appears that the notice of appeal was not served or filed for more than twenty days after the entry of the judgment. After the notice of appeal had been given, the appellant filed a petition in this court asking for a supersedeas and stay. A few days after this petition was served and filed, the respondents moved to dismiss the appeal because not timely taken.
The action was instituted under the provisions of chapter 117, Laws of 1911, p. 538. Section 93 of that act, p. 605, under the heading, "Summary Proceedings," defines the power and duties of the commission by which the act was then to be administered. The section also specifies what the final judgment may contain, and provides for an appeal
". . . to the supreme court from such final judgment in the same manner and with the same effect as appeals from judgments of the superior court in actions to review orders of the commission. All provisions of this act relating to the time of appeal, the manner of perfecting the same, the filing of briefs, hearings and supersedeas, shall apply to appeals to the supreme court under the provisions of this section." Rem. Rev. Stat., § 10442 [P.C. § 5620].
Section 88, p. 598, sets forth the requirements relating to an appeal to this court in this language:
"The commission [the department of public service], any public service company or any complainant may, within twenty days after the entry of judgment in the superior court in any action of review, prosecute an appeal to the supreme court of the state of Washington. . . . Such appeal shall be taken by giving a notice of appeal in open court at the time of the rendition of judgment, or by the service and filing of a notice of appeal within twenty days from and after the entry of the judgment." Rem. Rev. Stat., § 10430 [P.C. § 5615]. *Page 666 
It will be noted that here is a provision for an appeal within twenty days after the entry of the judgment, and, as above appears, this appeal was not taken until the twenty-fifth day.
In support of its position that the appeal was taken within time, the appellant makes three principal contentions: (a) That the twenty-day provision of the statute is permissive, and not mandatory; (b) that the twenty-day provision has been superseded by a rule of this court fixing the time to take appeals in civil actions at thirty days; and (c) that, in any event, it had a right to have the judgment reviewed in this court, even though the act was held to be mandatory and the twenty-day provision not set aside by the rule of court mentioned. These contentions will be considered in the order stated.
[1, 2] It will be admitted that, when the word "may" is used in a statute, it may be used in the sense of being permissive, or in the sense of being mandatory. Whether it is the latter, of course, depends upon the intention of the legislature, to be collected from the terms of the act.
It will be noted that, in the excerpt quoted from § 93, it is provided that all provisions of this act relating to "time of appeal," the manner of perfecting the same, shall apply to appeals to this court. In § 88, it is stated that an appeal may be taken within twenty days after the entry of the judgment, and this is followed, at the conclusion of the section, by the statement that such appeal "shall" be taken by giving a notice of appeal in open court at the time of the rendition of the judgment or by service and filing of a notice of appeal "within twenty days from and after the entry of the judgment."
At the time this statute was enacted, the time for appeal in civil actions was ninety days after the entry *Page 667 
of the judgment, and the appellant, had there been no provision shortening the time, would, doubtless, have come under that provision. If the twenty-day provision is permissive, there was no purpose whatever in fixing that time in the statute, as, under the ninety-day statute, the appellant could have appealed immediately after the entry of the judgment, or at any time within the period of ninety days. It is clear that the legislature must have intended that appeals must be taken within twenty days, under the act.
[3] In support of its second contention, the appellant says that, when the court promulgated the rule reducing the time for taking appeals in civil actions and proceedings from ninety days to thirty days (140 Wn. xlii, which became effective January 14, 1927), it thereby abrogated and set aside the twenty-day provision for appeal provided for in the statute above mentioned.
It will be admitted that the public service commission law, of which the two sections of the statute that are here for consideration are a part, is a general law, but the provision with reference to the time of taking appeal is special. There are cases where a special law may be repealed by one which is general, and this again depends upon the intention. In In reWest Barton Street Sewer, 163 Wn. 645, 1 P.2d 858, it was held that an appeal must be dismissed when not taken within the fifteen days after the date of the entry of the judgment appealed from. In that case, the statute contained a proviso "that such appeal must be filed within fifteen days after the date of entry of the judgment" of the superior court. It was there said, referring to the statute:
"This is a special statute, and appeals under it must be taken, as under any special statute, in conformity *Page 668 
with its provisions. The general rule on appeals (Rule of Practice X, par. 1, 159 Wn. lxiv, Rem. 1927 Sup., §§ 308-10, par. 1), which simply modified the previous statutory general rule by shortening the time for appeals from final judgments from ninety to thirty days, has no application to appeals under the special statute invoked in this case or under any other special statute or rule. It is elementary that a general statute or rule, though subsequently enacted or promulgated, does not affect a special statute or rule. Meade v. French, 4 Wn. 11,29 P. 833; State ex rel. Sherman v. Benson, 111 Wn. 124,189 P. 1000."
It is sought to distinguish that case on the theory that the legislative enactment there used the term "must," while the one we are now considering used the term "may." But this is not a distinction, because, as above indicated, the word "may," in the statute now under consideration, must be construed to mean "must."
It is further sought to distinguish the case on the ground that the court referred to the statute under which the appeal was taken as a special one. This reference, undoubtedly, referred to the sections of the statute which were before the court and which were being considered, and that was the section covering the matter of the time in which to take an appeal. We see no distinction between that case and the one now before us.
[4] The contention that a right of appeal or review in this court exists even though the statute is mandatory and has not been repealed by the rule promulgated by this court, is based upon the provisions of § 4, Art. IV of the constitution of this state. That section provides that:
"The supreme court shall have original jurisdiction in habeas corpus and quo warranto and mandamus as to all state officers, .. ." *Page 669 
Clearly, there is nothing in the section which authorizes a review of a judgment of the superior court in a case where this court has no jurisdiction by reason of the failure to timely give notice of appeal.
The cases of North Bend Stage Line v. Department of PublicWorks, 170 Wn. 217, 16 P.2d 206, and Kitsap CountyTransportation Co. v. Department of Public Works, 170 Wn. 396,16 P.2d 828, upon which the appellant relies as supporting its contention, are entirely different. In each of those cases, the court had jurisdiction under a law passed by the legislature which was held to be unconstitutional. The court, notwithstanding this fact, retained jurisdiction by certiorari under its discretionary power. The difference between those two cases and the one now before us is that, there, the court had jurisdiction, and, in this case, it never has acquired jurisdiction.
Our attention has been called to the rule of law which provides that statutes and rules of practice are to be liberally construed. In addition to this, it may be said that this court, at the present time and for many years past, has been reluctant to dismiss appeals. Notwithstanding this, there are cases which present a situation where there is no other alternative, and the present case is one.
The law requires that this appeal be dismissed, and it is so ordered.
BLAKE, C.J., MILLARD, ROBINSON, and SIMPSON, JJ., concur. *Page 670